VAN BRUNT, P. J., and O'BRIEN, J., concurred in the opinion of PATTERSON, J.; WILLIAMS, J., concurred in result.

Judgment reversed, new trial ordered, costs to appellant to abide event.

---

DAVID M. KOEHLER and MORRIS GOLDSTEIN, Respondents, *v.* NEW YORK ELEVATED RAILROAD COMPANY and THE MANHATTAN RAILWAY COMPANY, Appellants.

*Elevated railroads — a request of an owner that rapid transit commissioners direct the construction of a road is not a waiver of his claim for damages.*

The fact that a property owner joins in a request to rapid transit commissioners, appointed under chapter 606 of the Laws of 1875, that they determine that an elevated road ought to be constructed and operated over the center of a street upon which the property owner's land abuts, does not constitute a waiver of the right on the part of such property owner to claim the damages resulting to his property from the subsequent construction of the railroad on the street.

APPEAL by the defendants, the New York Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 30th day of December, 1895, upon the decision of the court rendered after a trial at the New York Special Term, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 15th day of September, 1894, bringing in an additional party plaintiff.

This is one of the ordinary actions brought against these defendants for an injunction and damages. The premises affected are No. 520 Third avenue in the city of New York. The plaintiffs recovered judgment.

*Edward C. James, Julien T. Davies* and *Alexander S. Lyman,* for the appellants.

*William G. Peckham,* for the respondents.

BARRETT, J.:

The sole question here is as to the legal effect of a paper signed by the plaintiffs' predecessor in title addressed to certain commissioners appointed by the General Term of the Supreme Court, requesting these commissioners to determine that the defendants' road ought to be constructed and operated on the route previously designated by the rapid transit commissioners appointed under chapter 606 of the Laws of 1875. That route included the line of the elevated railway in front of the plaintiffs' premises. The defendants claim that by his signature to this request the plaintiffs' predecessor, Nasher, abandoned his easements appurtenant to the premises in question, and that consequently the plaintiffs' complaint should have been dismissed. The commissioners to whom the request was addressed were appointed because of the failure of the company to secure the consent of one-half in value of the abutting owners upon the streets to be occupied by the railroad. The Constitution required that, in lieu of said consents, the company should secure the determination of commissioners, to be appointed by the General Term of the Supreme Court, approving the construction of the railroad, and the confirmation of such approval by the General

Term.   It is not claimed that Nasher gave his consent, either before or after the appointment of these commissioners, to the erection and operation of the railroad.   Nor is it claimed that he ever had any direct dealings with the company upon the subject.

The defendants' contention is that the request addressed to the commissioners was equivalent to a direct consent that the road be built; and that thus an abandonment of the easements was effected within the rule laid down in *White* v. *Manhattan Railway Company* (139 N. Y. 19).   The request in terms was as follows:

"NEW YORK, *February* —, 1876.

"To the Hon. O. H. PALMER, E. Z. LAURENCE, Esq., and E. P. WHEELER, Esq., Commisioners, etc.:

"The undersigned, owners or occupants of property on the line of the New York Elevated railroad, as designated by the rapid transit commissioners, appointed for the city of New York under chapter 606 of the Laws of New York for the year 1875, understanding that said road is to be constructed over the center of the street or avenue in Third and Eighth avenues, and on such other portions of said line as it is practicable so to construct said road, earnestly request your honorable body to determine that such road ought to be constructed and operated on the route so designated."

We think there is a marked distinction between this request and the formal consent given directly to the company in the *White* case. What Nasher requested was merely a determination by the commissioners favorable to the construction and operation of the railroad; that is, of course, to its lawful construction and operation.   But how could there be lawful construction and operation without just compensation for property or property rights to be thereupon taken ? The request did not contemplate an abandonment of Nasher's easements, nor imply accession thereof to the company.   It contemplated nothing more than construction and operation with due regard to other people's rights, including, naturally, the signers.   There is not the vaguest suggestion of a waiver of compensation for the easements or of any other legal right.

Further, the request was not a contract or engagement with the company.   The commissioners were not its agents, nor did they represent it in any such sense as the appellants contend.   The com-

missioners were public officers, appointed by the court to act independently and to furnish the court with their judgment upon a given question. The request was simply an appeal to that judgment. It amounted, in fact, to little more than an expression of opinion as to the wisdom and propriety of the proposed construction.

The claim of abandonment founded upon this paper thus addressed to these commissioners, and upon the further fact that neither Nasher nor any other of the plaintiffs' predecessors in title has chosen to bring an action in vindication of their clear legal rights, is, in our judgment, far fetched and without merit.

The same conclusion applies to the suggestion that the company relied and acted upon the request, either in fact or in law, as an abandonment of Nasher's easements, or as a consent to their destruction without just compensation.

The judgment appealed from should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, WILLIAMS and PATTERSON, JJ., concurred.

Judgment affirmed, with costs.