might stand over until the next day, at which time the plaintiff would be able to appear. This was consented to by the defendants' counsel, but the justice denied the application, and sent the case to the foot of the calendar, because of want of power to give the relief requested. A motion was subsequently made to restore the case to the calendar, upon affidavits in which these facts were made to appear, and that motion was denied. No opinion was written, and no reason given in the order why the motion was denied.

We do not agree with the learned justice that the court had no power to grant to the plaintiff the relief asked for on the 4th of January, and to let the case stand until he was able to appear in court. The right to have the case on the preferred calendar is one given by statute. Code Civ. Proc. § 791, subd. 10. Rule 6 prescribes that a case like this shall be put upon the preferred calendar upon proper application, and, when an order so putting it upon the calendar has been made, it is to be called in part 2 of the trial term, and disposed of in its regular order thereon. The rules contain no further direction as to the disposition of the case upon the preferred calendar, but it is not necessary that they should. The justice sitting in that court, like a judge sitting in any other court for the trial of causes, has necessarily vested in him some discretion as to the disposition of cases upon the day calendar. He is not obliged to order them peremptorily to trial simply because they are upon the calendar. If it shall be made to appear to him that something has occurred since the case was put on the calendar which renders it unjust to compel either party to go to trial, he always has authority to give such direction in regard to the case as circumstances shall seem to require. There is no hard or fast rule which compels a judge to disregard the existing conditions at the time a case is reached upon the day calendar, and force a party to trial when manifest injustice would result from that act. We have no doubt that the court had power to grant to the plaintiff the relief he asked for on the 4th of January, when he was sick in his bed; and, after that had been denied, this motion to restore the case to the preferred calendar should have been granted.

The order denying the motion should therefore be reversed, and the motion granted; but under the circumstances, as the defendants did not oppose the granting of the order, it should be without costs.

(19 App. Div. 243.)

HUTTON v. METROPOLITAN EL. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. June 25, 1897.)

1. TRESPASS—TITLE TO MAINTAIN.

When the owner of premises has sold and conveyed them, his right of action to restrain the continuance of a trespass which affects the enjoyment of the premises, or interferes with the easements of light, air, and access, ceases to exist.

2. SAME—JURY TRIAL.

When the owner of premises sells them, pending a suit to restrain a trespass affecting the easements of light, air, and access, and assigns to the vendee his claim for damages sustained by such trespass, and the vendee

subsequently is substituted as plaintiff in the pending action, and sets up such transactions by supplemental complaint, but without alleging any right to restrain trespasses committed after he has become the owner, the action becomes one simply to recover the damages sustained by the original owner, and it is error to refuse a demand by the defendant for a jury trial.

Appeal from special term.

Action by Ruth R. Hutton against the Metropolitan Elevated Railway Company and others. From a judgment entered upon decision of the court at special term, defendants appeal. Reversed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Sherrill Babcock, for appellants.
William G. Peckham, for respondent.

RUMSEY, J. In 1888, Louisa C. Rohrbach was the owner of the premises in question. In 1890, she brought an action to restrain the operation and maintenance of the defendants' railroad as a nuisance, and for damages. While this action was pending, and in 1891, she conveyed the premises to the present plaintiff; and afterwards, on the 27th day of November, 1894, she assigned to Mrs. Hutton all her claim for damages sustained by her for impairment of the rental value of the premises caused by said companies in the maintenance of their railroad and the operations of trains thereon during her ownership of the premises. Subsequently, in the month of January, 1895, Mrs. Hutton presented this assignment to the court; and upon her motion she was substituted as party plaintiff in the action in the place of Mrs. Rohrbach, and was permitted to serve a supplemental complaint, which she did. The action was afterwards brought to trial at the special term as an equity action, to procure an injunction against the maintenance and operation of the defendants' railroad, and also, as incidental to that, damages suffered by the owner of the premises by the impairment of the rental value. Upon the opening of the trial, and before any evidence was given, the defendants demanded a jury trial, insisting that the action was simply one for damages, and that no equitable right of Mrs. Hutton was involved. This application of the defendants was denied, and the case went to trial in the usual manner in which an equity case is tried. The trial resulted in the usual judgment for an injunction or a certain amount as damages. From that judgment this appeal is taken. In the notice of appeal, the defendants give notice that they will bring up for review the order allowing the substitution of the plaintiff, and giving her leave to file a supplemental complaint.

A brief consideration of the rules which have been established regulating the effect of transfers of the title to property upon the rights of plaintiffs in this kind of actions will easily enable us to decide the questions presented here. While Mrs. Rohrbach was the owner of this property, there belonged to her, as incidental to such ownership, the right to restrain the continuance of the trespasses which destroyed her easements of light, air, and access; and, as incidental to that right, she had the additional right to recover

such damages as she had suffered because of those trespasses during their continuance. But this right to recover damages was strictly incidental to her ownership of the premises. When she conveyed the premises, the easements passed with the conveyance. From that time on, she had no further interest, either in the premises or in the easements connected with them; and therefore there was no occasion for her to maintain an action to restrain the continuance of the trespasses. In accordance with this principle, it has been held, and it must now be regarded as the settled law of this state, that, when the owner of premises has sold and conveyed them, his right of action to restrain the continuance of a trespass which affects the enjoyment of the premises, or interferes with the easements of light, air, and access, ceases to exist. Pappenheim v. Railway Co., 128 N. Y. 436, 28 N. E. 518; Mooney v. Railroad Co., 13 App. Div. 380, 43 N. Y. Supp. 35; Pegram v. Railroad Co., 147 N. Y. 135, 41 N. E. 424. The right to maintain an action for an injunction, based upon past trespasses, has entirely expired, because the person who was inconvenienced by those trespasses has ceased to have any title to the property, and the person to whom the title was conveyed had not been affected by the continuance of the trespass during the previous ownership; and any right of action which such subsequent owner has to restrain those trespasses is one that arises in his favor at the time of the conveyance, and exists only if the trespasses continue after his ownership of the property. If the trespass should cease when he obtained the title, then, of course, he would have no reason to complain, and no right of action to obtain an injunction.

All that was left in Mrs. Rohrbach after she had conveyed the property to Mrs. Hutton was the right to recover for the past damages which she had sustained during the time of her ownership of the property (cases cited supra); so that, after she had conveyed to Hutton, it was only possible for her in this action to recover such damages as she had sustained because of the impairment of her easements while she was the owner. In the month of November, 1894, this right of action was assigned to Mrs. Hutton. Before that time, the latter had no interest whatever in this action. She had no right to sue to restrain the defendants, because she was not the owner when the trespasses complained of in this action were committed; and she had no right of action for damages, because the damages belonged to Mrs. Rohrbach. Whatever may have been her relation to the property, as to this action she was an entire stranger. All that she received by the assignment was the right to be substituted in the place of Mrs. Rohrbach, after Mrs. Rohrbach had assigned to her the right to those damages which she might have recovered in the action. Having become the owner of the right to recover the damages, she was properly substituted as plaintiff in the action. Code Civ. Proc. § 756. Having been substituted in the action, it was proper, in the discretion of the court, if it saw fit, to permit her to serve a supplemental complaint setting out the manner in which she obtained the right to prosecute the action. When this supplemental complaint is examined, it will appear that there is no claim in it on the part of Mrs. Hutton to maintain this

action for the purpose of securing an injunction to restrain the trespasses committed after she became the owner of the premises. It contains no allegation whatever in that regard. It contains simply an allegation that the premises were conveyed to her on the 1st of April, 1891, and that after that time Mrs. Rohrbach assigned to her her causes of action against the defendants for damages on account of the impairment of the rental value of the said premises, and that she (Mrs. Hutton) is now the sole owner of the premises and the easements referred to in the action, and the sole party in interest in the action. It further says that she has been substituted as party plaintiff; but it contains no allegation that there had been any trespasses committed which affected the value of the premises or their use during the time of her ownership. The supplemental complaint, therefore, had no effect to change the cause of action for damages which existed in favor of Mrs. Rohrbach, after she sold the property, into a cause of action in favor of Mrs. Hutton to restrain the continuance of the trespass. As it was presented at the trial, the action was simply one for the recovery of damages which Mrs. Rohrbach had sustained during the time that she owned the premises, because of the impairment of their rental value, and which she had assigned to Mrs. Hutton. This cause of action was clearly triable by a jury, and not otherwise. It was not claimed that the damages were recoverable as incidental to the right to equitable relief, because the right to equitable relief in this action was entirely gone. For that reason it was error on the part of the court to refuse the defendants' demand for a trial by jury.

The judgment must therefore be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.