LINDENHEIM v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

1. PLEADING—SUPPLEMENTAL COMPLAINT.

The "material facts" which, under Code Civ. Proc. § 544, may be alleged in a supplemental complaint, must be facts connected with the cause of action asserted in the former pleading, and, while they may be new matter, they cannot set up an entirely independent right which had no previous existence, and no connection whatever with the pending suit.

2. SAME—NEW CAUSE OF ACTION.

After an owner of property had instituted a suit for injunction and damages against the defendants, who maintained their elevated railway in a street in front of the premises, and the suit was at issue, he conveyed the property to plaintiff, and assigned to her his claim for past damages, and she was substituted in the suit, and was permitted to and did serve a supplemental complaint setting forth her succession to ownership, and the assignment; thus eliminating from the suit the right to an injunction, and rendering it one triable by jury. Thereafter she moved for leave to serve an amended supplemental complaint setting up an independent right to an injunction arising out of her ownership and the continuous taking of the easements by defendants since the conveyance to her. *Held,* that the motion was properly denied.

Appeal from special term.

Action by Hulda Lindenheim against the New York Elevated Railroad Company and the Manhattan Railway Company. From an order allowing service on defendants of a paper described as an "amended supplemental complaint," defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Arthur O. Townsend, for appellants.
Charles H. Strong, for respondent.

PATTERSON, J.    By the order appealed from in this case, the plaintiff was allowed to serve what is called an "amended supplemental complaint," in an action originally brought by one Ferber for an injunction and damages against the defendants, who maintained and operated an elevated railway in front of certain premises on Ninth avenue, in the city of New York.    Ferber's complaint contained the usual allegations in actions of that character.    The defendants interposed their answer, and the cause was at issue between the then parties to the suit.    Pending the action, and in April, 1891, Ferber conveyed the premises mentioned in the complaint to Hulda Lindenheim, and afterwards assigned to her his claim against the defendants for past damages.    In November, 1895, Hulda Lindenheim became substituted as plaintiff, was given permission to serve a supplemental complaint, which was served, and therein she set forth her succession to the ownership of the premises, and the assignment to her of the claim for past damages, and nothing of substance further.    As the action was then constituted, the complaint and the supplemental complaint showed a cause of action inhering in Ferber for an injunction, and one in Mrs. Lindenheim for past damages to rental value.    The action necessarily failed as one for an injunction.    It ceased to exist when the premises were conveyed to Mrs. Lindenheim, and she came in the case by substitution, only with the right to enforce the assigned claim for past damages, and that was a cause of action of which the defendants were entitled to a trial by jury.    Hutton v. Railroad Co., 19 App. Div. 243, 46 N. Y. Supp. 169.    Thus the case stood when the plaintiff moved for leave to serve an amended supplemental complaint.    By that pleading it is now sought to bring into the action the independent right of Mrs. Lindenheim to an injunction arising out of her ownership of the land under Ferber's deed and the continuous taking of the easements by the defendants since she acquired that ownership,—a cause of action entirely new, in no way connected with the right of Ferber to an injunction, nor in any way associated with his cause of action for that relief.    It is sought by this amended supplemental complaint to change again the whole nature of the action from one triable by jury,—to restore it as one in equity, and to bring a new suit into the old one, upon a cause of action which did not exist when issue was joined in the original suit, and every detail of which, so far as the present plaintiff is concerned, is altogether extraneous of Ferber's right to institute the suit in the beginning.

It is not the office of a supplemental complaint to accomplish that purpose.    Such a pleading relates only to some matter germane to the original cause of action, and which has arisen since the previous pleading in the case, or of which the pleader was ignorant at the time that pleading was made.    The terms of section 544 of the Code of Civil Procedure authorize the allowance of a supplemental complaint which alleges material facts which occurred after the former pleading, or of which the pleader was ignorant as above stated.    The "material facts" referred to in the section are facts connected with the cause of action asserted in the former pleading.

They may be new matter, but cannot be a new cause of action; that is to say, an entirely independent right, which had no previous existence, and no connection whatever with the pending suit. This view of a supplemental complaint was declared in Bank v. Duryee, 74 N. Y. 495, in which the court says:

"The new Code [referring to the Code of Civil Procedure] as well as the old confines the complaint to a plain and concise statement of the facts constituting the cause of action, and there is no propriety in inserting in a supplemental complaint any new allegations other than those material to the cause of action."

There must be a relation in fact between the original cause of action as set out in the complaint and the new or other matter set up in a supplemental pleading. We do not mean to say that the court is without power, in a proper way, and on a proper application, to amend pleadings, so that even a new cause of action might be declared upon, but to allow it to be done by supplemental pleading is not the proper way, especially in a case of this character where the defendants' rights might be very much impaired, and when the plaintiff may bring a separate action, if she has an enforceable cause of action.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.