DAVID M. KOEHLER and MORRIS GOLDSTEIN, Respondents, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY and THE MANHATTAN RAILWAY COMPANY, Appellants.

1. ELEVATED RAILROADS — PETITION OF PROPERTY OWNERS AS TO ROUTE NOT A CONSENT TO CONSTRUCTION OF ROAD. A petition by property owners, addressed to commissioners appointed by the court in lieu of the consent of abutting owners to the construction of a proposed elevated railroad, merely asking the commissioners to determine that the road be built on a route through the center of the street, designated by the rapid transit commissioners, does not constitute a consent between a property owner and the railroad company to the construction of the road.

2. EQUITY JURISDICTION OF ELEVATED RAILROAD SUIT CONTINUES AFTER CONVEYANCE OF PROPERTY BY PLAINTIFF, IF GRANTEE IS BROUGHT IN BEFORE TRIAL. When a plaintiff in an ordinary equity suit against an elevated railroad company conveys the property affected, pending the litigation, he may make a timely motion, on notice to the defendant, for an order bringing in his grantee as an additional plaintiff, or defendant if he refuses to be a plaintiff; and with the record so amended the case may proceed to a trial of all the issues on the equity side of the court.

*Koehler* v. *N. Y. El. R. R. Co.,* 9 App. Div. 449, affirmed.

(Argued April 24, 1899; decided June 6, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 12, 1896, upon an order affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward C. James, Julien T. Davies, Arthur O. Townsend* and *Charles A. Gardiner* for appellants. The plaintiffs having failed to prove an essential element of the cause of action set up in the complaint, the court erred in refusing to dismiss the complaint. ( *Ward* v. *M. E. R. Co.*, 152 N. Y. 39; *White* v. *M. R. Co.*, 139 N. Y. 19; *White's Bank* v. *Nichols*, 64 N. Y. 65; *K. C. F. Ins. Co.* v. *Stevens*, 87 N. Y. 287; Gerard's Titles to Real Estate, 489; *Lahr* v. *M. E. R. Co.*, 104 N. Y. 268; *Herzog* v. *N. Y. E. R. R. Co.*, 76 Hun, 486; *M. R. Co.* v. *Mayor, etc.*, 89 Hun, 429; *Snell* v. *Levitt*, 110 N. Y. 595; *Matter of U. E. R. R. Co.*, 112 N. Y. 61; *Ville* v. *Judson*, 82 N. Y. 33.) The court below erred in making the order which brings in Morris Goldstein as an additional party plaintiff, and permits service of a supplemental complaint. (Code Civ. Pro. § 1301; *Griswold* v. *M. E. R. Co.*, 122 N. Y. 103; *Sommer* v. *N. Y. E. R. R. Co.*, 60 Hun, 148; *Siefke* v. *Met. E. R. R. Co.*, 14 N. Y. Supp. 763; *Hutton* v. *M. R. Co.*, 19 App. Div. 243; *Lindenheim* v. *N. Y. E. R. Co.*, 28 App. Div. 170; *Oehler* v. *N. Y. E. R. R. Co.*, 4 App. Div. 152; *Foote* v. *M. E. R. Co.*, 147 N. Y. 367.) The learned trial justice erred in denying the defendants' motion for a jury trial of the claim for rental damages during Koehler's ownership. (*Pegram* v. *N. Y. E. R. R. Co.*, 147 N. Y. 135; Code Civ. Pro. §§ 968, 975; *Lynch* v. *M. E. R. Co.*, 129 N. Y. 274; *Van Allen* v. *N. Y. E. R. R. Co.*, 144 N. Y. 174; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97; *Wheelock* v. *Lee*, 74 N. Y. 495; *Bradley* v. *Aldrich*, 40 N. Y. 504; *Saxton* v. *N. Y. E. R. R. Co.*, 12 App. Div. 263.) The learned trial justice erred in admitting opinion evidence as to the value of specific property other than that in suit. (*Jamieson* v. *K. C. E. R. Co.*, 147 N. Y. 322.)

*Edward A. Hibbard* and *William G. Peckham* for respondents. The paper claimed to have been signed by Mar-

tin Nasher, erroneously called by the defendants a consent, is not a bar to the maintenance of this action. (*Galway* v. *M. E. R. Co.*, 128 N. Y. 132; *Roberts* v. *N. Y. E. R. R. Co.*, 155 N. Y. 38; *Koehler* v. *N. Y. E. R. R. Co.*, 9 App. Div. 449; *A. B. N. Co.* v. *N. Y. E. R. R. Co.*, 129 N. Y. 265; *I. Nat. Bank* v. *Adams*, 28 Hun, 108; *Dunham* v. *Townshend*, 118 N. Y. 281; *Munoz* v. *Wilson*, 111 N. Y. 298; *Dunford* v. *Weaver*, 84 N. Y. 445; *Wines* v. *Mayor, etc.*, 70 N. Y. 613; *Rockwell* v. *Merwin*, 45 N. Y. 168.) The order bringing in Morris Goldstein as an additional party plaintiff was proper. (Code Civ. Pro. § 756; *McGean* v. *M. E. R. Co.*, 133 N. Y. 9; *Domschke* v. *M. E. R. Co.*, 148 N. Y. 337; *Senft* v. *M. E. R. Co.*, 29 N. Y. S. R. 519; *Getty* v. *Spaulding*, 58 N. Y. 636; *Oehler* v. *N. Y. E. R. R. Co.*, 4 App. Div. 152; *Post* v. *Palmer Co.*, 1 How. Pr. [N. S.] 508; *Cuff* v. *Dolan*, 8 Abb. [N. C.] 195; *Smith* v. *Zalinski*, 94 N. Y. 519; *Nickerson* v. *Crawford*, 25 Abb. [N. C.] 91.) The defendants were not entitled to a jury trial of the claim for rental injury suffered during the time of Koehler's ownership. (*Lynch* v. *M. E. R. Co.*, 129 N. Y. 279; *Shepard* v. *M. R. Co.*, 117 N. Y. 442; *Hunter* v. *M. R. Co.*, 141 N. Y. 281; *Van Allen* v. *N. Y. E. R. R. Co.*, 144 N. Y. 174; *Pond* v. *M. E. R. Co.*, 112 N. Y. 186; *Klipstein N. Y. E. R. R. Co.*, 8 Misc. Rep. 457; *Shepard* v. *M. R. Co.*, 117 N. Y. 442.) The claim of error in the admission of the evidence on cross-examination as to the value of the adjoining property is inadmissible. (*Jamieson* v. *K. C. E. R. Co.*, 147 N. Y. 322.)

Bartlett, J. This is one of the usual elevated railroad suits, praying for fee and rental damages and injunction.

Koehler was originally sole plaintiff, but pending the action he conveyed to one Goldstein. On the 15th day of September, 1894, the Supreme Court made an order joining Goldstein as an additional party plaintiff. The defendants had notice of the motion and contested the same.

The trial of the cause began on the 12th day of February,

1895, some five months after Goldstein was brought in as a party plaintiff, and resulted in a judgment for the plaintiffs, which required that, upon tender of the sum found as the value of the easements, the plaintiffs were to deliver a convey-ance and release.

The defense rested upon two principal points at the trial:

1. That one Martin Nasher, who formerly owned the prem-ises in question, No. 520 Third avenue, in the city of New York, had consented to the erection of the railroad structure in front of the premises at a time when he was the owner of the fee.

2. That the plaintiff Koehler, by having conveyed his inter-est in the premises pending the litigation, had deprived this suit of its equitable features, and could only recover in an action at law for his rental damages during the period of his ownership.

This second defense was raised at the opening of the trial, after proof of conveyance from Koehler to Goldstein, when the defendants' counsel made a motion, in substance, that it appeared Koehler had conveyed the property which was the subject of the action, and the complaint as to him be either dismissed or his right of action, if there was any, for past dam-ages, be sent to a jury for trial, upon the specific ground that having transferred the title to his property, there is no longer a basis for the granting of the injunction with respect to any claim which he may have against the elevated railroad, and upon the further ground that there can be no unity of interest between Koehler and Goldstein with respect to past damages. The court denied the motion and the defendants duly excepted.

As to the first defense, that Martin Nasher, the former owner of this property, had consented to the erection of the elevated structure, it is presented upon the following state of facts. Nasher became seized of the premises as sole owner in 1860, and sold them in February, 1887, to one Lese.

Under the Constitution and statutes then existing the con-templated construction of the Third Avenue Elevated road

depended upon the consents of certain abutting property owners, or in lieu thereof the determination of commissioners to be appointed by the General Term of the Supreme Court, approving the construction of such railroad and the confirmation of such approval by the court.

In December, 1875, Nasher was applied to as an abutting owner to sign the consent for the construction of the railroad, but refused to do so. This was the case with many other property owners, and the result was that a sufficient number could not be obtained. Thereupon commissioners were appointed by the court, and they proceeded with their duties in the premises.

In the month of February, 1876, a petition of certain of the owners of property along the route of the proposed elevated railroad was addressed to the commissioners, which was signed by Nasher, among others, and reads : (New York, February, 1876 ; To the Commissioners, naming them). " The undersigned owners or occupants of property on the line of the New York Elevated Railroad, as designated by the rapid transit commissioners appointed for the city of New York under chapter 606 of the laws of New York for the year 1875, understanding that said road is to be constructed over the center of the street or avenue in Third and Eighth avenues, and on such other portions of said line as it is practicable so to construct said road, earnestly request your honorable body to determine that such road ought to be constructed and operated on the route so designated."

The learned Appellate Division, Mr. Justice Barrett writing the opinion, held that this petition did not amount to a consent.

The petition is not addressed to the railroad company, and contains none of the provisions that would be appropriate to a consent that the railroad be constructed, executed between a property owner and the corporation. It was a mere suggestion as to the desirability of one route over another in the street.

We agree with the Appellate Division that the petition does not amount to a consent, and adopt its opinion on this point.

The second defense is not discussed in the opinion of the Appellate Division.

We come, then, to consider the conveyance by plaintiff, pending this action, of the property involved. Much has been written on this subject by the court, but the precise question now presented has never been decided, so far as we are advised.

As already pointed out, the grantee of the plaintiff Koehler was brought into this suit as an additional party plaintiff by order of the court on the 15th day of September, 1894, and the defendants failed to demand jury trial, by reason of the conveyance of the property pending the litigation, until the trial of the action had actually been begun in February, 1895.

The defendants were thus guilty of *laches,* and must be deemed to have waived any right they may have had to a jury trial. (*Pegram* v. *N. Y. Elevated R. R. Co.,* 147 N. Y. 135.)

We do not, however, rest our decision upon this point alone, but prefer to deal with the question now presented.

The position of the defendants is this: That the plaintiff, having divested his case of all equitable qualities by his voluntary act, has resolved this suit into an action at law.

It is a principle well established and frequently asserted that when a court of equity has once acquired jurisdiction over a cause for any purpose, it may retain it for all purposes and proceed to a final determination of the matters in issue. (*McGean* v. *Metropolitan E. R. Co.,* 133 N. Y. 16; *Valentine* v. *Richardt,* 126 N. Y. 272.)

It is also a familiar rule that jurisdiction of equity depends upon the position of the plaintiff and the relief to which he is entitled at the time the suit is brought; the measure of the relief is adapted to the situation at the time of the decree. (*Van Allen* v. *N. Y. Elevated R. R. Co.,* 144 N. Y. 174.)

The awarding of rental damages in an elevated railroad case is a mere incident of an equity suit seeking preventive relief, and the conveyance of the property involved, pending the

litigation, does not alter the situation when the grantee is brought in before trial.

There are several reasons why this practice should be permitted under the circumstances disclosed in this case. The presence of the present owner as a plaintiff preserves the equitable features of the case and permits the court, sitting in equity, to retain its jurisdiction; it also recognizes the rule that multiplicity of suits should be avoided.

It is well known that these elevated railroad suits in the city of New York are placed upon a special calendar, and there is great delay in reaching them. It would be a hardship if the owners of real estate involved in these suits should be prohibited from alienation during their pendency.

There is nothing in the *Pegram Case* (147 N. Y. 135), referred to by both counsel on the argument, that is opposed to this rule of procedure, as it was properly decided on its peculiar facts. Neither party there sought to bring in the grantee of the conveyance executed pending the litigation, and the court held that plaintiff was properly denied relief by way of injunction and damages after conveyance.

Judge GRAY states in his opinion that had the plaintiff brought in the last grantee as a party "the court would have been in a position to adjust the equities and rights of all the parties and to render a complete decree, which would have been binding upon each."

The court also held that the defendants waived their right to a jury trial by reason of not making timely objection to proceeding with the trial in equity.

It thus appears that the question of defendants' strict right to a jury trial, in case where a seasonable application had been made, was not presented for adjudication.

Other cases have been cited by both counsel that we deem unnecessary to consider, as all are distinguishable from the case at bar.

In view of the large number of elevated railroad cases, and the amount of time the courts must necessarily devote to their hearing and determination, it seems very desirable that a clear

rule of practice should be laid down, which will tend to diminish the number of suits and at the same time fully protect the rights of all parties.

We, therefore, hold that when a plaintiff, in the ordinary equity suit against an elevated railroad company, conveys the property affected, pending the litigation, he may make a timely motion, on notice to the defendant, for an order bringing in his grantee as an additional plaintiff, or defendant if he refuses to be a plaintiff, and with the record so amended the case can proceed to a trial of all the issues on the equity side of the court.

The judgment and order appealed from should be affirmed, with costs.

All concur.

Judgment and order affirmed.