(47 App. Div. 58.)

### STOKES v. MANHATTAN R. CO.

(Supreme Court, Appellate Division, First Department. January 19, 1900.)

1. SUPPLEMENTAL PLEADING—MOTION.

　　A motion to bring in an additional party defendant, and for leave to serve a supplemental complaint, is properly denied, where the motion papers are not accompanied with a copy of the proposed supplemental complaint.

2. ELEVATED RAILROAD—ABUTTING PROPERTY OWNERS—ACTIONS—JOINDER OF GRANTEE.

　　Where, subsequent to an action against an elevated road to recover damages for injury to plaintiff's easement, and to enjoin such use of the street, plaintiff sold the premises to another, reserving all causes of action for damages to the rental value of the property from such road, the grantee cannot, on his refusal to be joined as a party plaintiff, be joined as a party defendant, since he need not prosecute the action for the injunction unless he so desires, and plaintiff's right to damages is not affected by the transfer, and is distinct from grantee's cause of action for injunction.

Appeal from special term, New York county.

Action by Anson Phelps Stokes against the Manhattan Railroad Company to obtain an injunction and damages for injury to plaintiff's easement. From an order bringing in a new defendant, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and O'BRIEN, JJ.

Arthur O. Townsend, for appellant.
Edward W. Sheldon, for respondent.

RUMSEY, J. On the 11th of December, 1890, the plaintiff was the owner of the premises in front of which the defendant's road had been erected, and was then operated, and he brought this action to obtain the usual injunction and damages for the injury to his easement. Issue was joined on the 17th of August, 1892. On the 13th of January, 1893, the plaintiff conveyed the premises to one Rosenfeld, but in the deed has reserved to himself all causes of action for damages to the rental value of the premises arising from or in any way connected with the construction or maintenance of the defendant's railroad. In October, 1899, a motion was made to bring in Rosenfeld as a party defendant, and for leave to serve a supplemental complaint, it being made to appear that he refused to be a party plaintiff. This motion was granted, and from that order this appeal is taken.

The papers upon which the motion was made were clearly deficient, because no copy of the proposed supplemental pleading was served, and for that reason the order should be reversed, if for no other. But we think that upon the merits, also, the order was erroneous. When this action was brought, the plaintiff was the owner of the property, and had an interest in procuring, not only the equitable relief sought, but damages for the trespass already committed. When, however, he had sold the property, he had no further interest in restraining the continuance of the trespass, and the only right that was left to him was to recover for the damages sustained by the trespass previously committed. Hutton v. Railway Co., 19 App. Div. 243, 46 N. Y. Supp. 169, and cases cited; Lindenheim v. Railroad Co., 28 App. Div. 170, 50 N. Y. Supp. 886; Mooney v. Railroad Co., 13 App. Div. 380, 43 N. Y. Supp. 35. The right to restrain a future continuance of the trespass belongs, after the conveyance, only to the grantee (Pappenheim v. Railway Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401), and that right in the grantee is not only as perfect as it was in the original vendor, but it is exclusive in him, and the grantor has nothing to do with it. It is, too, a new cause of action for an injury to the right of the grantee, which arose only after he had received the conveyance, and did not exist when this suit was begun. The rights of the two parties are entirely distinct. One has a cause of action for damages in a pending suit, and the other is entitled to maintain an action for an injunction on the equity side of the court. This action he may bring if he chooses, but the question presented is whether he may be compelled against his will to be joined as a party for the purpose of enforcing that cause of action. It has already been held that, where one has conveyed the property, reserving his right to damages to the premises, he cannot, by petition, be joined as a party plaintiff in the action brought by his grantee for an injunction. Shepard v. Railway Co., 82 Hun, 527, 31 N. Y. Supp. 537, affirmed in 147 N. Y. 687, 42 N. E. 726. It has also been held in this court, in just such a case as this, that an order giving the plaintiff leave to join as a party

defendant his subsequent grantee could not be sustained, and that order was reversed. Mooney v. Railroad Co., 13 App. Div. 380, 43 N. Y. Supp. 35. The principle which obtains in this case is entirely clear. The owner of the premises, as long as he retains the title, has an interest in restraining the trespass which affects the value of his property. He has also a right to bring an action for damages he has sustained by reason of these trespasses. The right of action for an injunction is an incident of the ownership of the property. The right of action for damages is personal to the owner, and still remains with him after he has disposed of the property; and when he has ceased to be the owner it is all there is left of his cause of action, for, as he has no further interest in the premises, he has no right to ask for an injunction, but for the damages he has already suffered he may still maintain his suit, and, if he has already begun a suit for an injunction and damages, while he is no longer entitled to the injunction, because he has ceased to be the owner, he may still maintain the action for the damages. Pegram v. Railroad Co., 147 N. Y. 135, 41 N. E. 424. As he can recover in that action nothing but the damages, all of which belong to him when collected, it is not perceived how the presence of any other party is necessary for a final determination of the rights which can be adjudged in that action. The grantee who has taken title to the premises alone has any interest in obtaining an injunction. That right belongs to him exclusively. Nobody else has any interest in it. No one else can control it. Pappenheim v. Railway Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401. He may bring a suit to enforce it; he may negotiate with the trespasser to stop the trespass, or to pay him for the privilege of continuing it; he may sue for damages for it from time to time, without any effort to restrain its further commission; or he may, if he sees fit, stand by and permit the commission of the trespass without an effort to restrain it or recover damages for it. Whatever he may do, it does not affect the right of the former owner to sue for his damages, and that right can be determined without his presence, and, consequently, he is not either a necessary or proper party, within section 452 of the Code of Civil Procedure. If he sees fit to enforce his rights, he is entitled to do so in an action brought by him, which he can control, asking for any of the various kinds of relief to which he is entitled, and being in a position to continue the action or to settle it at his own will. I apprehend that there is neither precedent nor principle for compelling him, if he does not choose to bring his action, to come into the case as defendant, and thus be bound by a judgment for which he does not ask, and where his rights are determined in a suit he has not brought and cannot control. It would seem that these considerations were controlling, but the plaintiff relies upon a dictum contained in the recent opinion of the court of appeals in the case of Koehler v. Railroad Co., 159 N. Y. 218–225, 53 N. E. 1114. In that case it is said by the learned judge delivering the opinion of the court that, where the plaintiff in an ordinary equity suit against an elevated railroad company conveys the property affected by the litigation, he may make a timely motion, upon due notice to the defendant, for an order bringing in

his grantee as an additional plaintiff, or as a defendant if he refuses to be a plaintiff; and upon the record as so amended the case may proceed to trial upon all the issues on the equity side of the court. The facts in that case were that Koehler, being the owner of the premises, had brought the usual action for an injunction and damages. Pending the action, he conveyed the property, and then made a motion for leave to bring in the grantee as a plaintiff, and for leave to serve a supplemental complaint. The grantee was apparently willing to be brought in, and to have his rights settled in that action, and against the protest of the defendant the order bringing him in was made. No appeal was directly taken from that order, but the notice of appeal from the final judgment contained a clause to the effect that upon the argument of that appeal the order would be reviewed. Upon the argument of this case in this court no question was made as to the propriety of the order, but in the court of appeals the question seems to have been raised by the suggestion that the defendant was entitled to a jury trial. This was met and answered by an allusion to the fact that the defendant was guilty of laches by going to trial without demanding a jury until after evidence had been taken in the case. The court then went on to determine the case upon the merits, and the conclusion reached is that referred to above. So far as that conclusion determines the proposition required by the facts in the case, it is undoubtedly binding on us as to the question it raised of the power of the court to bring in as a party plaintiff a grantee of the premises by a conveyance executed after the action for the injunction has been brought. But it does not determine, and it cannot determine, because the question was not presented, that such a grantee, who had no desire to be plaintiff, could be compelled as a defendant to submit to the litigation and determination of his rights which had arisen after the commencement of the grantor's action, in a suit over which he had no control. In the Koehler Case the subsequent grantee was willing to be made a plaintiff, and to have his rights determined in that suit. In this case he is not, and the order does not make him a plaintiff, but brings him in as a defendant, so that he is sued and made subject to the liability for costs because he happens to have a cause of action independent from that belonging to the plaintiff, and which he does not desire to litigate. For that reason the Case of Koehler does not apply. But, in addition, that case can only apply as to the power of this court to bring in a party, and, even though it may be regarded as determining that this court has the power to bring in a party as a defendant, under the circumstances revealed here it cannot be deemed an adjudication as to the propriety of the exercise of that power, which is discretionary with this court. Even if a person might thus be brought in as defendant, the discretion so to do should only be exercised in a case where it is quite clear that the rights of the original parties cannot be finally disposed of without the presence of the grantee. That, clearly, is not this case, because the only right of the plaintiff is to have a judgment for damages, and these damages can be determined without the presence of Rosen-

feld. Therefore, in the exercise of its discretion, the court should have denied this motion.

The order bringing in Rosenfeld as a defendant is therefore reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.