Charles Arthur Flammer, Individually and as Administrator, etc.,
of William G. Flammer, Deceased, and John Jacob Flammer,
Respondents, v. The Manhattan Railway Company and The
New York Elevated Railroad Company, Appellants.

*Party — when a grantee will not be made a party plaintiff with her grantor in a
pending abutter's action against an elevated railroad company — effect of the con-
veyance on the grantor's action.*

A person who purchases real property, during the pendency of an action brought
by her grantor to restrain the operation of an elevated railroad in front of the
premises, and who has herself brought an action against the railroad company
to protect her own rights in the premises, should not, in the exercise of the dis-
cretion of the court, be joined as a party plaintiff in the action brought by her
grantor, simply to enable the court to determine in one action the rights of all
the owners of the property.

*Semble*, that the conveyance of the property defeats the grantor's right to an
injunction, and leaves him simply the right to recover the damages which he
has suffered prior to the conveyance.

Appeal by the defendants, The Manhattan Railway Company and
another, from an order of the Supreme Court, made at the New
York Special Term and entered in the office of the clerk of the
county of New York on the 1st day of October, 1900, joining
Charlotte H. Appell as a party plaintiff in the action, and continu-
ing the same in her name as plaintiff with the other plaintiffs,
except from so much of said order as vacated an order entered in
said clerk's office on the 14th day of September, 1900.

*Arthur O. Townsend*, for the appellants.

*George Zabriskie*, for the respondents

Rumsey, J.:

This action was brought in the year 1890 by William G. Flammer
to restrain the defendants from interfering with his easements of
light, air and access, by the operation of their road in front of his
premises, and for damages. On the 1st day of March, 1900, the
action being at issue and still pending, Mr. Flammer sold the prem-
ises to Charlotte H. Appell. On the 21st of March, 1900, he died.
In July his administrator and heir at law were substituted as plain-

tiffs in the action and served a supplemental complaint setting out the devolution of their right. On the 23d day of July, 1900, this motion was made to bring in Mrs. Appell as plaintiff in the action in respect of the right which she had acquired by her conveyance from William G. Flammer. It appeared upon the motion papers that after the death of William G. Flammer, Charles Arthur Flammer and John Jacob Flammer released any interest which they might have in the premises to her. Mrs. Appell joined in the motion that she might be brought in as a plaintiff. The motion was granted, and from the order granting it the defendants appeal.

William G. Flammer undoubtedly had a cause of action in 1890 against these defendants to restrain the interference with his easements of light, air and access to his premises described in the complaint, and for such damages as he had suffered by reason of previous interferences, but when he conveyed the premises to Mrs. Appell on the 1st day of March, 1900, he ceased to have any further right to restrain a trespass which affected the enjoyment of the premises or interfered with those easements. So far as he was concerned, he had no further interest in obtaining the injunction. (*Hutton* v. *Metropolitan El. R. Co.*, 19 App. Div. 243; *Pegram* v. *N. Y. Elevated R. R. Co.*, 147 N. Y. 135; *Pappenheim* v. *Metropolitan Elevated R. Co.*, 128 id. 436.) There was left to him, however, the right to recover the damages which he had suffered before his conveyance, and nothing more. (*Pappenheim* v. *Metropolitan Elevated R. Co.*, supra; *Hutton* v. *Metropolitan El. R. Co.*, supra.)

It appears by the affidavits submitted on behalf of the defendants that at one time Mrs. Appell claimed that the cause of action for past damages had been sold to her, but no such claim is made by her on these papers and we assume that those damages belonged to Flammer at the time of his death.

After the death of Flammer the right to recover these damages vested in his administrator who was one of the parties substituted as plaintiff before Mrs. Appell's application was made, and he alone had the right to recover for everything which could still be recovered in the action begun by Flammer in May, 1890. His recovery would finally dispose of all the rights possessed by Flammer at the time that action was begun and which were left in him after his convey-

ance to Mrs. Appell. Mrs. Appell's rights, whatever they were, came into existence only on the 1st day of March, 1900, when the premises were conveyed to her, and then only if the defendants had continued the interference with her easements of which it was alleged they had been guilty when Flammer was the owner of the premises. There was, therefore, no necessary connection between the rights of Mrs. Appell which came into existence on the 1st day of March, 1900, and the rights of Flammer which had existed before that time and which ceased on that date. All the rights of the original plaintiff to which his administrator succeeded could be disposed of without Mrs. Appell's presence, and no judgment could be rendered in her favor in this action because when the action was begun she had no connection with it, and down to the time when Flammer's ownership of the premises ceased no rights of hers existed and so none could have been infringed.

All these principles seem to be thoroughly settled in various cases against these defendants in addition to those cited above, and we would have no difficulty in disposing of this order were it not for the decision of the Court of Appeals in the case of *Koehler* v. *N. Y. El. R. R. Co.* (159 N. Y. 218), in which it was said that when the plaintiff in one of those suits conveys the property affected pending the litigation, he may make a timely motion upon notice to the defendant, for an order bringing in his grantee as an additional plaintiff, or defendant, if he refuses to be a plaintiff, and with the record so amended the case may proceed to a trial of all of the issues on the equity side of the court. It cannot be denied that this determination of the Court of Appeals has laid down a rule by virtue of which in proper cases a grantee may be made a party plaintiff or defendant in this class of actions; but the right to bring in these parties must exist under some provision of the Code of Civil Procedure, and we can find it nowhere except in section 452 of that Code. That section provides that the court may determine the controversy as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights, but where a complete determination of the controversy cannot be had without the presence of other parties the court must direct them to be brought in. The court is only compelled by this

section to require parties to be brought in when a complete determination of the controversy cannot be had without the presence of other persons, but it is quite apparent, as has already been seen, that in this case the controversy between Flammer and the defendants can be determined without the presence of Mrs. Appell, and it is clearly apparent that whatever rights Mrs. Appell may have which were acquired almost ten years after this action was begun, can be asserted and enforced by her without the necessity of the presence of Flammer or any one representing his estate, or without reference to the rights of Flammer which existed before she became the owner of the property. The only reason for bringing in Mrs. Appell as a party to this action, as long as it is not absolutely necessary to do so to enforce her rights, would be to enable the court to determine all the equitable rights of the owners of this property. But Mrs. Appell has no absolute right to come in and insist that her easements should be protected in this action which was begun long before she had any rights in the premises; nor have the Flammers any right whatever to say that in addition to recovering damages from the defendants which their ancestor had suffered, there shall be decided the rights of another person having no connection whatever with their estate. There being no legal necessity to bring in these parties for a complete determination of the controversy, whether the motion should be granted or not depends solely upon the discretion of the court. (*Stokes* v. *Manhattan R. Co.*, 47 App. Div. 58.) Undoubtedly if it were made to appear that it was necessary for the protection of the rights of Mrs. Appell to make her a party to this action the court might, under the *Koehler* case, permit her to be brought in; but unless some reason is shown why her right in this property will be affected by the judgment in this action, it is clearly within the discretion of the court to say whether a proper case has been made to bring her in as a plaintiff. If she is brought in here the result would be that the defendants are made liable in an equitable action for the benefit of a party who, at the time the action was begun, had no interest whatever in the matter, and so far as appears has never yet obtained any equitable right against the defendants.

As the matter is one purely in the discretion of the court, we do not think that it was a case where that discretion should have been

exercised to bring in a subsequent grantee of the original plaintiff, but that the action brought by Flammer should be permitted to proceed for the determination of the rights which devolved upon the administrator of Flammer after his death, leaving Mrs. Appell, if she has been injured by the trespass of the defendants after she became the owner of the premises, to bring such an action as she may be advised for the purpose of restraining this trespass and recovering damages if any have been suffered thereby.

In fact, it appears by the papers in this case that Mrs. Appell has already brought an action against these defendants to protect whatever rights she may have in regard to these premises. It is clear that whatever rights she may have may be protected in that action. There is no reason why the defendants should be compelled to litigate in this action those claims which Mrs. Appell proposes to press in a suit subsequently brought. The fact that she has brought her own action to protect her own rights is a perfect answer to this application and a sufficient reason why the court should have refused to bring her in as a party in this suit.

For this reason, in the exercise of our discretion in the matter, the order must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.