SCHOLLE et al. v. METROPOLITAN EL. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

LIGHT AND AIR—OBSTRUCTION OF—RIGHT—ACTION AGAINST ELEVATED ROAD—PARTIES PLAINTIFF.

Where property was sold pending an action by the owner against an elevated railway company for obstructing the owner's right to light and air in the use of the property, and to enjoin a continuance of the obstruction, the grantees were not entitled to be made co-plaintiffs in the action, since their presence was unnecessary to protect any of their interests.

Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by William Scholle and another against the Metropolitan Elevated Railway Company and another for obstructing plaintiffs' right to light and air in the use of certain property. From an order directing grantees of the property pendente lite to be made co-plaintiffs, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Alfred A. Wheat, for appellants.
W. G. Peckham, for respondents.

HATCH, J.  This action was commenced on January 14, 1892, by William Scholle, Jacob Scholle, and Martin Herman, who alleged ownership in common of abutting property, against the elevated railroad companies, for an injunction and damages.  On February 24, 1894, the premises were sold to W. H. H. Hull and K. Eugene Bunnell.  On July 10, 1900, an action was brought in this court by said Hull and Bunnell against the Manhattan Railway Company for an injunction and damages with respect to the same property, which action is now at issue and upon the calendar for trial.  In September, 1900, a motion was made to revive this action, and substitute in place of Jacob Scholle his personal representatives, alleging that said Scholle died in June, 1897, seised and possessed of an undivided interest in the property.  This motion did not disclose that the property had been sold and conveyed since the bringing of the action, and, the plaintiffs being clearly entitled to the relief asked for, no opposition was made and the motion was granted.  Thereafter a supplemental complaint was served, alleging the facts as to the death of Scholle as set forth in the motion, and before the defendant's time to answer the same had expired the papers in this motion were served, wherein it is alleged that the premises were sold to Hull and Bunnell in 1894, by reason of which fact it is desired to make them parties to this action.  As the case stood at the time the motion was made, the only interest which the plaintiffs had in the action was a claim for the past damages accrued prior to February 24, 1894.  The case of Flammer v. Railway Co., 56 App. Div. 183, 67 N. Y. Supp. 617, is decisive of every question presented by this record.  The order appealed from cannot stand if adherence is to be had to the rule announced in that case.  No new expression or determination has been given by the court of appeals since the decision in the Flammer Case, and the expression made use of by the court of appeals in deciding the case of Koehler v. Railroad Co., 159 N. Y. 218, 53 N. E. 1114, was considered by this court, and construed as being no authority for granting the present order.  So far as this question is concerned, based upon the facts appearing in the record in this case, the decision in the Flammer Case is conclusive.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.  All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J.  I dissent.  This action was commenced in January, 1892, and was at issue in February, 1892, and since that time the plaintiffs have been waiting to try the case, but the same has not been tried on account of the condition of the calendar and the refusal of the courts of New York to try these cases.  In the meantime the plaintiffs have sold the property, and the purchaser asks to be made a party plaintiff in this action, so that all the questions involved can be disposed of in one action.  In the case of Koehler v. Railroad Co., 159 N. Y. 218, 53 N. E. 1114, in delivering the opinion of the court Judge Bartlett, in speaking of the propriety of making a purchaser of premises a party in a similar case to the one under consideration, says:

"There are several reasons why this practice should be permitted under the circumstances disclosed in this case. The presence of the present owner as a plaintiff preserves the equitable features of the case, and permits the court, sitting in equity, to retain its jurisdiction; it also recognizes the rule that multiplicity of suits should be avoided. It is well known that these elevated railroad suits in the city of New York are placed upon a special calendar, and there is great delay in reaching them. It would be a hardship if the owners of real estate in these suits should be prohibited from alienation during their pendency. * * * We, therefore, hold that when a plaintiff, in the ordinary equity suit against an elevated railroad company, conveys the property affected, pending the litigation, he may make a timely motion, on notice to the defendant, for an order bringing in his grantee as an additional plaintiff, or defendant if he refuses to be a plaintiff, and, with the record so amended, the case can proceed to a trial of all the issues on the equity side of the court."

This clear intimation of the views of the court of appeals, and the obvious injustice in the court's refusing to try the case of a property owner against an elevated railroad company, not only justifies, but requires, the court in such a case to grant an order allowing the purchaser of the property to be brought in, and thus have all the questions regarding this particular property disposed of in one action. I think, therefore, that the order should be affirmed.