WILLIAM SCHOLLE and Others, Respondents, *v.* THE METROPOLITAN ELEVATED. RAILWAY COMPANY and THE MANHATTAN RAILWAY COMPANY, Appellants.

W. H. H. HULL and K. EUGENE BUNNELL, Respondents.

*Eminent domain — abutter's action — an application of grantees of the original plaintiffs to be made parties thereto, denied.*

January 14, 1892, three tenants in common of property abutting upon an elevated railroad, brought an action against the elevated railroad company for an injunction and damages. February 24, 1894, the premises were sold, and in June, 1897, one of the tenants in common died. In September, 1900, the personal representative of the deceased tenant in common was substituted in the place of his decedent. The motion papers did not disclose that the property had been conveyed since the action was commenced. Thereafter a supplemental complaint was served, alleging the facts as to the death of the tenant in common, and before the defendant's time to answer had expired the purchasers of the property made a motion to be brought in as parties plaintiff, although such purchasers had, on July 10, 1900, brought an action against the elevated railroad company for an injunction and damages, which action was, at the time such motion was made, at issue and upon the calendar for trial.

*Held,* that the motion to make the purchasers parties to the action should have been denied.

INGRAHAM, J., dissented.

APPEAL by the defendants, The Metropolitan Elevated Railway Company and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of November, 1900, granting the motion of W. H. H. Hull and K. Eugene Bunnell, who purchased the property involved in the suit after the commencement of the action, to be made parties plaintiff.

*Alfred A. Wheat,* for the appellants.

*W. G. Peckham,* for the respondents.

HATCH, J.:

This action was commenced on January 14, 1892, by William Scholle, Jacob Scholle and Martin Herman, who alleged ownership in common of abutting property, against the elevated railroad companies for an injunction and damages. On February 24, 1894, the premises were sold to W. H. H. Hull and K. Eugene Bunnell.

On July 10, 1900, an action was brought in this court by said

Hull and Bunnell against the Manhattan Railway Company for an injunction and damages with respect to the same property, which action is now at issue and upon the calendar for trial. In September, 1900, a motion was made to revive this action and substitute in place of Jacob Scholle his personal representatives, alleging that said Scholle died in June, 1897, seized and possessed of an undivided interest in the property. This motion did not disclose that the property had been sold and conveyed since the bringing of the action, and the plaintiffs being clearly entitled to the relief asked for, no opposition was made and the motion was granted. Thereafter a supplemental complaint was served alleging the facts as to the death of Scholle as set forth in the motion, and before the defendant's time to answer the same had expired the papers in this motion were served, wherein it is alleged that the premises were sold to Hull and Bunnell in 1894, by reason of which fact it is desired to make them parties to this action. As the case stood at the time the motion was made the only interest which the plaintiffs had in the action was a claim for the past damages accrued prior to February 24, 1894.

The case of *Flammer* v. *Manhattan R. Co.* (56 App. Div. 183) is decisive of every question presented by this record. The order appealed from cannot stand if adherence is to be had to the rule announced in that case. No new expression or determination has been given by the Court of Appeals since the decision in the *Flammer* case, and the expression made use of by the Court of Appeals in deciding the case of *Koehler* v. *New York Elevated R. R. Co.* (159 N. Y. 218) was considered by this court and construed as being no authority for granting the present order. So far as this question is concerned, based upon the facts appearing in the record in this case, the decision in the *Flammer* case is conclusive.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Van Brunt, P. J., Rumsey and O'Brien, JJ., concurred; Ingraham, J., dissented.

Ingraham, J. (dissenting):

I dissent. This action was commenced in January, 1892, and was at issue in February, 1892, and since that time the plaintiffs have

been waiting to try the case, but the same has not been tried on account of the condition of the calendar and the refusal of the courts of New York to try these cases. In the meantime the plaintiffs have sold the property, and the purchasers ask to be made parties plaintiff in this action so that all the questions involved can be disposed of in one action.

In the case of *Koehler* v. *New York Elevated R. R. Co.* (159 N. Y. 218), in delivering the opinion of the court, Judge BARTLETT, in speaking of the propriety of making a purchaser of premises a party in a similar case to the one under consideration, says: "There are several reasons why this practice should be permitted under the circumstances disclosed in this case. The presence of the present owner as a plaintiff preserves the equitable features of the case and permits the court, sitting in equity, to retain its jurisdiction; it also recognizes the rule that multiplicity of suits should be avoided. It is well known that these elevated railroad suits in the city of New York are placed upon a special calendar, and there is great delay in reaching them. It would be a hardship if the owners of real estate involved in these suits should be prohibited from alienation during their pendency. * * * We, therefore, hold that when a plaintiff, in the ordinary equity suit against an elevated railroad company, conveys the property affected, pending the litigation, he may make a timely motion, on notice to the defendant, for an order bringing in his grantee as an additional plaintiff, or defendant if he refuses to be a plaintiff, and, with the record so amended, the case can proceed to a trial of all the issues on the equity side of the court."

This clear intimation of the views of the Court of Appeals and the obvious injustice resulting from the inability of the courts to promptly try the cases of property owners against the elevated railroad company not only justifies but requires the court in such a case to grant an order allowing the purchaser of the property to be brought in and thus to have all the questions regarding this particular property disposed of in one action. I think therefore, that the order should be affirmed.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.