a navigable stream is indicated by the case of Rex v. Ward, 4 Adol. & E. 384, where, on a trial of an indictment for a nuisance in a navigable river and common king's highway in the harbor of Cowes, caused by the erection of an embankment in the waterway, the jury found that the embankment was a nuisance, but that the inconvenience was counterbalanced by the public benefit arising from the alteration; and it was held that that amounted to a verdict of guilty, and that it was no defense to such an indictment that, although the work be in some degree a hindrance to navigation, it was advantageous in a greater degree to other uses of the port.

The interesting and important character of the question involved tempts to further discussion, but little can be added which will not savor of pedantry. I am of the opinion that so much of the defendant's wharf as covers the lands under the water of this 75-foot strip is a purpresture, and should be removed. A decree in conformity with this view, with suitable provisions for the prevention of further encroachments, may be framed, and will be settled by me on the usual notice. Costs are awarded to the plaintiff.

---

(23 Misc. Rep. 590.)

CAMERON v. NEW YORK EL. R. CO. et al.

(Supreme Court, Trial Term, New York County. May, 1898.)

1. SUIT IN EQUITY—DAMAGES AFTER COMMENCEMENT.
    In a suit in equity to restrain defendant from maintaining and operating an elevated railroad in front of plaintiff's premises, and to recover damages caused thereby to their rental value, plaintiff is entitled to recover damages accruing after the commencement of the suit up to the time when he sold the premises, although such relief would be purely legal in its nature.

2. SAME—SUBMISSION OF ISSUES TO JURY—NATURE OF ACTION.
    The fact that in a suit in equity, in which the only question remaining was a legal one, the issues arising thereon were submitted to a jury, does not convert the action from one in equity to one at law; Code Civ. Proc. § 970, providing that, in cases where a party is entitled to have one or more issues of fact tried by a jury, the proceedings subsequent to the stating of the issues shall be "the same as where questions arising upon the issues are stated for trial by a jury, in a case where neither party can, as of right, require such a trial; except that the finding of the jury upon such questions, so stated, is conclusive in the action unless the verdict is set aside, or a new trial is granted."

Action by Samuel Cameron against the New York Elevated Railroad Company and another. Judgment for plaintiff, and defendants move for a new trial. Motion denied.

Edward C. James, for motion.
Charles A. B. Pratt, opposed.

WERNER, J. This action was commenced on the 8th day of December, 1890. It was brought to restrain the defendants from maintaining, constructing, or operating their elevated railroad, or any part thereof, in front of and adjoining the premises owned by plaintiff, and known as "No. 730 Ninth Avenue," in the city of New York,

and incidentally to recover damages for the injury to the rental value of plaintiff's premises caused by the construction, maintenance, and operation of defendants' said railroad. The plaintiff acquired the title to said premises in September, 1890, and retained the same until the 4th day of May, 1896. On the 8th day of February, 1898, an order was made by this court, upon motion of the defendants, transferring this cause to the trial-term calendar. The action was tried on the 10th day of March, 1898, before the court and a jury. The plaintiff claimed the right to recover for losses of rentals for a period of six years prior to the commencement of the action to the time of the alienation of said premises by the plaintiff. The defendants insisted that the plaintiff's right of recovery, if any, could only extend up to the time of the commencement of the action. The court, being in doubt as to which was the proper rule to follow, submitted to the jury the two periods separately; so that if, upon examination, it should be held it was improper to permit the plaintiff to recover for the time between the commencement of the action and the sale of the premises, this portion of the verdict, if any, could be set aside without disturbing the rest of the verdict, unless it should be necessary to set aside the whole verdict on other grounds. This method of procedure was agreed to by stipulation of counsel. After an examination of the whole case, we have arrived at the conclusion that the only question which it will be profitable to discuss upon this motion is whether the plaintiff is entitled in this action to recover for loss of rentals after the commencement of the action and up to the time of the sale of the premises by plaintiff.

The claim of the defendants' counsel is based upon the theory that the plaintiff, by parting with his title, has voluntarily deprived himself of all right to equitable relief; and, being entitled only to the relief which is purely legal in its nature, the rule must prevail which limits the recovery to damages that accrued prior to the time of the commencement of the action. The contention of the counsel for the plaintiff is that, as this action was originally brought in equity, upon pleadings which entitled the plaintiff to equitable relief, the court on its equity side still retains its jurisdiction, even though the relief granted is purely legal in its character, and that hence the court has power to grant all the relief which the plaintiff shows himself entitled to down to the time of the trial. It is the settled rule that, when a court of equity has jurisdiction of a cause for any purpose, it may retain the cause for all purposes, and proceed to a final determination of the matters at issue. "To such an extent has the doctrine been carried that it has been declared that if the controversy contains any equitable features, or requires any purely equitable relief belonging to the exclusive jurisdiction of equity, or pertaining to the concurrent jurisdiction of equity and law, and a court of equity thus acquires a partial cognizance of the action, it may go on to a complete adjudication, and establish purely legal rights and grant legal remedies, which would otherwise be beyond the scope of its authority. Pom. Eq. Jur. §§ 181, 231, 242. So long as one of the grounds of equitable interference in this class of cases is the avoidance of a multiplicity of suits, this rule must

prevail." McGean v. Railroad Co., 133 N. Y. 16, 30 N. E. 647. This rule was applied by this court to this class of cases in Kane v. Railway Co. (Sup.) 17 N. Y. Supp. 109, in which Barrett, J., says:

"The only other point calling for special consideration is the allowance for damages for injury to the rental value of the premises subsequent to the commencement of the action. * * * We think, however, that the damages were properly allowed. Rulings to the contrary were in common-law actions. In equity, however, complete relief is afforded, thus avoiding multiplicity of suits and circuity of action. To accomplish this, damages for loss of rental must be allowed down to the time of the trial."

There can be no doubt, therefore, that, if the trial of this action had been continued on the equity side of the court, the plaintiff would have been entitled to recover such loss in the rental value of his property as was occasioned by the construction, maintenance, and operation of defendants' elevated railroad for a period of six years before the commencement of the action down to the day when the plaintiff sold his premises, although such relief would be purely legal in its nature. The question, then, arises whether the rule which now prevails in this court, that when there is nothing to be tried in actions of this kind except the question of rental damages the defendants are entitled to have that question tried by a jury, changes the nature of the action, so as to limit plaintiff's right of recovery to the time when the action is commenced.

This question has not, to our knowledge, been passed upon in any case where the defendants have availed themselves of their right to trial by jury. It has, however, been decided in Van Allen v. Railroad Co., 144 N. Y. 179, 38 N. E. 997, and in Domschke v. Railway Co., 74 Hun, 442, 26 N. Y. Supp. 840, the facts in which are like those in the present case. In each of said cases the issues were tried before a referee. In the Van Allen Case the referee awarded damages from a date six years prior to the commencement of the action to the time of the conveyance. In the Domschke Case the referee awarded damages arising between the date when the plaintiff acquired title and the conclusion of the trial. In his discussion of this feature of the Domschke Case, Follett, J., says:

"In this state legal and equitable relief are administered by the same court, and when the action was begun the plaintiff had a good cause of action for equitable relief, and the fact that since that he has ceased to be entitled to such relief is not a sufficient ground for dismissing the action, and it should be retained for the purpose of assessing such damages as he is entitled to."

In the Van Allen Case the court was divided upon this question, but the prevailing opinion lays down the rule contended for by the plaintiff in the following language:

"But some of my brethren are of the opinion that the principle does not apply where the party, by his own voluntary act, withdraws from the case the main fact which originally was the ground upon which equity jurisdiction attached, and they prefer to rest the judgment upon the defendants' stipulation to refer, which was so drawn, apparently, as to give consent to a trial before the referee of either the legal or equitable cause of action, or both. I have already said that the stipulation was sufficient to authorize the referee to try a cause of action, purely legal in its nature, but in order to authorize an award of damages, coming down to the time of the conveyance, it is necessary to show that he possessed equity jurisdiction also, and I think he did. The

nature and character of the action is determined by the pleadings, and the complaint before the referee stamped this action indelibly as one in equity. The conveyance did not change the pleadings, but only the nature and extent of the relief to which the plaintiff was entitled. The referee had the power to try whatever remained of the action upon the principles governing courts of equity, though nothing remained but a claim which of itself was originally one at law. I am unable to see any good reason for turning a party over to another court to recover a comparatively small portion of his claim, simply because he exercised the right of disposing of his property while he was in a court of equity seeking redress for an invasion of rights pertaining to that property. It is more in accordance with the general doctrines and practice of equity to grant relief as to all claims in the suit which the party still retained, and which had accrued to him at any time before the trial or the decree, than to require him to commence another action for that purpose. It ap- · peared at the trial that the plaintiff had a valid claim for damages at the time of the conveyance which did not pass by it. That claim was embraced within the issues which the referee was appointed to determine, and the circumstance that the sole ground upon which the plaintiff was permitted to bring the action in equity had disappeared did not affect the jurisdiction to render judgment according to the nature of the case so long as the order of reference was in force."

In the case of Pegram v. Railroad Co., 147 N. Y. 149, 41 N. E. 427, the court, per Gray, J., in discussing defendants' waiver of the right to trial by jury, says:

"Had the objection been raised in a proper way, or at the proper time, I think the defendants could have insisted upon a trial upon the law side of the court, as to the damage which the plaintiffs had sustained up to the time of the conveyance of the property. But, not having done so, it was not error for the court to settle the litigation between the parties as far as it was entitled to do so, by the award of the rental damage sustained by the plaintiffs while holding the legal title to the premises."

While none of the cases referred to dispose of the specific question before us, they clearly establish the doctrine that the nature of the action is determined by the character of the relief to which a plaintiff is entitled when the action is commenced. But, aside from the authorities, it seems to us that it would be utterly destructive of the doctrine that when equity acquires jurisdiction of an action for any purpose it may retain jurisdiction for all purposes, to hold that a defendant, by availing himself of his right to the trial of a specific question of fact, may convert the action from one in equity to one at law, and thus abridge the plaintiff's right of recovery. There is no essential difference between an equity action in which some of the questions of fact are tried by a jury and one where all the issues are decided by the court or by a referee.

The provisions of section 970 of the Code of Civil Procedure seem to have been framed for the very purpose of obviating the question which has arisen here:

"Where a party is entitled by the constitution, or by express provision of law, to a trial by a jury, of one or more issues of fact, in an action not specified in section nine hundred sixty-eight of this act, he may apply upon notice, to the court for an order, directing all the questions arising upon those issues, to be distinctly and plainly stated for trial accordingly. Upon the hearing · of the application, the court must cause the issues, to the trial of which, by a jury the party is entitled, to be distinctly and plainly stated. The subsequent proceedings are the same, as where questions arising upon the issues, are stated for trial by a jury, in a case where neither party can, as of right, require such a trial; except that the finding of the jury upon such questions,

·so stated, is conclusive in the action unless the verdict is set aside, or a new trial is granted."

We therefore conclude that, although the only question which remains in the case was a purely legal one and was tried in a court of law, the action is still an equity action, and controlled by the practice and principles applicable to such actions.

Defendants' motion for a new trial is denied, with $10 costs. Motion denied, with $10 costs.