HULDA LINDENHEIM, Respondent, v. THE NEW YORK ELEVATED RAILROAD COMPANY and THE MANHATTAN RAILWAY COMPANY, Appellants.

*Supplemental complaint — a grantee of the subject-matter of the action may not set forth therein an independent right of action in his favor.*

In an action brought against an elevated railroad company to restrain its use of the street in front of abutting premises and for the recovery of past damages, where the property and the right of action have been conveyed pending the action, it is not the office of a supplemental complaint to set forth, on behalf of the grantee, a substituted plaintiff, the fact of the continuance of the use of the street by the railroad company subsequent to the time of the conveyance, in order that the complaint may continue to justify the claim for an injunction, which would otherwise be lost by such transfer of the property.

Section 544 of the Code of Civil Procedure does not authorize the pleader to set forth in a supplemental complaint an entirely independent right which had no existence when the action was brought, nor any connection with the then pending suit.

APPEAL by the defendants, The New York Elevated Railroad Company and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of December, 1897, granting the plaintiff's motion for leave to serve an "amended supplemental complaint."

*Arthur O. Townsend*, for the appellants.

*Charles H. Strong*, for the respondent.

PATTERSON, J. :

By the order appealed from in this case the plaintiff was allowed to serve what is called an amended supplemental complaint in an action originally brought by one Ferber for an injunction and damages against the defendants, who maintained and operated an elevated railway in front of certain premises on Ninth avenue in the city of New York. Ferber's complaint contained the usual allegations in actions of that character; the defendants interposed their answer, and the cause was at issue between the then parties to the suit. Pending the action, and in April, 1891, Ferber conveyed the premises mentioned in the complaint to Hulda Lindenheim, and afterwards assigned to her his claim against the defendants for past damages. In November, 1895, Hulda Lindenheim became substituted as plaintiff, was given permission to serve a supplemental complaint, which *was* served, and therein she set forth her succession to the ownership of the premises, and the assignment to her of the claim for past damages, and nothing of substance further. As the action was then constituted, the complaint and the supplemental complaint showed a cause of action inhering in Ferber for an injunction, and one in Mrs. Lindenheim for past damages to rental value. The action necessarily failed as one for an injunction. It ceased to exist when the premises were conveyed to Mrs. Lindenheim, and she came in the case by substitution, only with the right to enforce the assigned claim for past damages, and that was a cause of action of which the defendants were entitled to a trial by jury. (*Hutton* v. *Met. El. R. R.*, 19 App. Div. 243.) Thus the case stood when the plaintiff moved for leave to serve an amended supplemental complaint. By that pleading it is now sought to bring into the action the independent right of Mrs. Lindenheim to an injunction arising out of her ownership of the land under Ferber's deed, and the continuous taking of the easements by the defendants since she acquired that ownership; a cause of action entirely new, in no way connected with the right of Ferber to an injunction, nor in any way associated with his cause of action for that relief. It is sought by this amended supplemental complaint to change again the whole nature of the action from one triable by jury, to restore it as one in equity and to bring a new suit into the old one, upon a cause of action which did not exist when issue was joined in the original suit, and

every detail of which, so far as the present plaintiff is concerned, is altogether extraneous of Ferber's right to institute the suit in the beginning.

It is not the office of a supplemental complaint to accomplish that purpose. Such a pleading relates only to some matter germane to the original cause of action, and which has arisen since the previous pleading in the case, of which the pleader was ignorant at the time that pleading was made. The terms of section 544 of the Code of Civil Procedure authorize the allowance of a supplemental complaint which alleges material facts which occurred after the former pleading, or of which the pleader was ignorant as above stated. The "material facts" referred to in the section are facts connected with the cause of action asserted in the former pleading. They may be new matter, but cannot be a new cause of action; that is to say, an entirely independent right which had no previous existence and no connection whatever with the pending suit. This view of a supplemental complaint was declared in *Bowery National Bank* v. *Duryee* (74 N. Y. 491) in which the court says, "The new Code" (referring to the Code of Civil Procedure), "as well as the old, confines the complaint to a ' plain and concise statement of the facts constituting the cause of action,' * * * and there is no propriety in inserting in the supplemental complaint any new allegations other than those material to the *cause* of action." There must be a relation in fact between the original cause of action as set out in the complaint, and the new or other matter set up in a supplemental pleading. We do not mean to say that the court is without power in a proper way and on a proper application to amend pleadings so that even a new cause of action might be declared upon; but to allow it to be done by supplemental pleading is not the proper way, especially in a case of this character where the defendants' rights might be very much impaired, and when the plaintiff may bring a separate action, if she has an enforcible cause of action.

The order appealed from should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

VAN BRUNT, P. J., RUMSEY and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.