FORTUNATO v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.  June 9, 1899.)

PLEADING—SUPPLEMENTAL ANSWER—WHEN ALLOWABLE.
> In an action by a subcontractor to foreclose a mechanic's lien against the money due the contractor, where the city, the contractor, and various alleged lienors were made defendants, and, as such, interposed answers raising the sole issue as to whether plaintiff and defendants, other than the city and the contractor, had liens on the fund due the contractor, and, if so, the priority of their respective liens, it was not error to deny a motion by defendant contractor for leave to serve a supplemental answer seeking to recover a specified sum for extra work, since such answer would entirely change the cause of action and defense.

Appeal from special term, New York county.

Action by Maicho Fortunato against the mayor, aldermen, and commonalty of the city of New York and others.  From an order denying a motion for leave to serve a supplemental answer, defendant Helen A. Dawson, administratrix, appeals.  Affirmed.

Argued before PATTERSON, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

C. J. G. Hall, for appellant.

Theodore Connoly, for respondent mayor, etc., of city of New York.

Robert Deyo, for respondents Patton and others.

McLAUGHLIN, J.  This is an appeal from an order denying a motion made by the defendant Dawson, as administratrix, for leave to serve a supplemental answer.  The motion was denied by the learned justice at special term, on the ground, as appears from his opinion, that the proposed answer was not supplemental to, or in continuation of, the original answer served; and that he was correct in his conclusion seems clear when the object of the action and the issues raised by the pleadings are considered.

In 1886 the appellant's intestate, John F. Dawson, entered into a contract with the city of New York to do certain work and furnish certain materials on a portion of Edgecomb avenue in that city, which included the construction of a retaining wall.  Dawson sublet a portion of his contract to the plaintiff, who, not having been paid for the work done and materials furnished, filed a mechanic's lien against the money which Dawson was about to receive from the city under his contract with it, and in 1890 commenced this action to foreclose the same.  The city, Dawson, and various alleged lienors were made parties defendant, and, as such, interposed answers.  Substantially the only issue raised by these pleadings was whether the plaintiff and the defendants other than the city had liens upon the fund to be due to Dawson, and, if so, the priority of their respective liens.  The fund was insufficient to satisfy and discharge all, and the only interest which the city had in the litigation was to determine who was the proper party to pay in order to satisfy and discharge its obligations under the Dawson contract.  The action being to foreclose a lien, only two things, so far as the city was concerned, could be established,—one the

amount of the liability of the city to Dawson under the contract with him, and the other the amount of the liability of Dawson to the alleged lienors. The proposed supplemental answer is to afford an opportunity to Dawson's representative to recover the sum of $5,840 for extra work done and materials furnished independent of and outside the contract in putting a coping on the retaining wall referred to.

It only requires the most casual consideration to see that, if the order had been granted, the cause of action, so far as the city is concerned, would have been entirely changed from one for the adjustment of liens on money due under a contract to one for a specified sum of money alleged to be due independent of the contract. The right of Dawson to recover this sum was not involved in the issue as originally formed, and this is the view taken by his attorney on a hearing heretofore had before a referee. He there objected to the admission of testimony on that subject, on the ground "that there had been no issue raised in this action as to the coping wall," and "that the contract does not provide for the payment of the coping wall, and that Dawson, if he is to be paid for that at all, is to be paid for extra work. * * * His bill for extra work has been filed with the comptroller, and the matter is now under advisement. * * *" As the issue was originally formed, the city occupied the position of a stakeholder,—whereas, if the amendment were allowed, it would be a real defendant in the action. The cause of action and defense would be entirely changed, and it is well settled that a supplemental answer cannot be allowed if it sets up a new cause of action or defense. The new matter attempted to be pleaded in this manner must be an addition to, or continuation of, the original matter alleged. Lindenheim v. Railway Co., 28 App. Div. 201, 50 N. Y. Supp. 886. The new matter here attempted to be set up has no relation to, and is not connected with, the subject-matter involved in the litigation as formed by the original pleadings, and for that reason the motion was properly denied.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.