the contention. But inasmuch as, if the defendant ever received the goods at all, he fulfilled his duty by delivering them to his brother, the charge was misleading and erroneous. The jury were given plainly to understand that Louis Langfeld himself had no right to the goods, and hence that the defendant was liable whatever he did with them. They were thus practically told to disregard Louis Langfeld's testimony entirely.

There should be a reversal, and a new trial.

---

(38 App. Div. 16.)

### CAMERON v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

1. APPEAL—ESTOPPEL TO ALLEGE ERROR.
    Where defendant requested that certain issues be transferred to the calendar of the trial term, he cannot object on appeal that the trial term erred in submitting such issues to the jury.

2. TRANSFER OF ISSUES TO TRIAL TERM—JUDGMENT IN TRIAL TERM—APPEAL.
    Where certain issues in an equity suit are transferred to the trial term for submission to a jury, the entry of judgment in the latter court, instead of being remitted to the special term, is a mere irregularity which should be corrected by motion to set the judgment aside, and not by appeal.

Appeal from trial term, New York county.

Action by Samuel Cameron against the New York Elevated Railroad Company and others. From a judgment for plaintiff, and an order denying a new trial (52 N. Y. Supp. 1036), defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Alfred A. Wheat, for appellants.
Charles A. B. Pratt, for respondent.

O'BRIEN, J. Although it is insisted that the damages awarded are excessive, and that the verdict is contrary to the law and to the evidence, we have been unable, from an examination of the record, to find this contention sustained. The award was not excessive, but was within the proof. A serious question is presented as to the admissibility of the testimony of an expert produced by the plaintiff upon values in 1873, when, from the statement of his age, it was clear that he could have but little or no personal knowledge on the subject. If the award were dependent upon such evidence alone, we should be averse to sustaining it. But we have in the record considerable evidence of the rental history of the property, and this was in no way offset upon the cross-examination, which was devoted to bringing out the course of rents from 1875 to 1879, covering the period of the panic, and the construction of the road, and a portion of the period about which the expert objected to give testimony. The defendants offered no evidence except that of an engineer as to the construction and dimensions of the road, together with proof of another witness as to the number of passengers carried at different times on the railway. The reliance of the defendants, apparently,

was thus placed more upon the weakness of the plaintiff's proof than upon any evidence produced by themselves; and, as we have already intimated, there was in such evidence of the plaintiff sufficient upon which to base the award made by the jury.

This brings us to the question most strongly urged on this appeal, as to whether the court erred in submitting the question of rental damages for the period from the date of the commencement of the action down to the time the plaintiff sold the property. In addition to the reasons given by the learned trial judge in his opinion delivered subsequent to the rendition of the verdict, there is another consideration which we think is conclusive in favor of the disposition made. When the case appeared upon the day calendar of the special term for the trial of equity cases, as shown by the recitals in the order transferring it to the trial term, "plaintiff having then and there admitted, through his counsel, * * * that he has, since the commencement of this action, parted with his alleged title to the premises described in the complaint, and that he no longer claims to be the owner of said premises, and the defendants, through their attorney, * * * having thereupon duly demanded a jury trial of the claim for past or rental damages alleged in the complaint to have been suffered by the plaintiff during his ownership of said premises, and said motion having been granted, now, therefore, on motion of * * *, attorney for the defendants, it is hereby ordered that this cause be transferred to the calendar of the trial term."

The trial judge did just what this order directed him to do, namely, submit to the jury "the claim for past or rental damages alleged in the complaint to have been suffered by the plaintiff during his ownership of said premises." Notwithstanding this order obtained by defendants, their present contention upon this appeal is that the trial judge erred in trying the case in the manner and upon the issues directed by such order. It is unnecessary, in this case, to determine whether the practice followed after the rendition of the verdict was correct or not. Assuming the defendants to be right in their insistence that, if this was still to be regarded as an equitable action, it should have been remitted to the special term, and the judgment entered by that court, instead, as was here done, of having the judgment entered as of course upon the verdict of the jury, as though it were an action at law, the entry of the judgment in the way it was done was merely an irregularity, upon which they might have moved to set the judgment aside. But this they have not done. The question, therefore, which the defendants desire to raise as to the right of the plaintiff to have the jury fix and assess the damages from the commencement of the action down to the time when he parted with title to the property, is not before us, for the reason, already stated, that the trial court proceeded, as it had the right and was bound to do, to try the issues which, under the terms of the order, were sent to that part of the court for trial.

The judgment appealed from should be affirmed, with costs. All concur.