(74 App. Div. 441.)

FORTUNATO v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. FORMER ACTION—SAME ISSUES—RES JUDICATA.

Where, on a former trial of an action to determine the priority of liens on money held by the city of New York and due under a contract, the court determined such priority, and that the contract had been performed, and that the contractor should not be permitted to file a supplemental answer setting up the performance of extra work, such decision is conclusive on the contractor and lienors in a subsequent trial.

2. SECOND TRIAL—EVIDENCE—DECEASED WITNESS.

Where, on a former trial of an action, it was stipulated that a certain party, if called as a witness, would testify to certain facts, and at a subsequent trial such witness is dead, such stipulation may be read as his testimony, under Code Civ. Proc. § 830, providing that when a party has died since the trial of an action the testimony of the decedent, taken or read in evidence at the former trial, may be read in evidence at a new trial.

Appeal from judgment on report of referee.

Action by Maicho Fortunato against the mayor of the city of New York and others. From a judgment in favor of plaintiff, the defendants Helen M. Dawson, as administratrix, and another appeal. Affirmed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

C. J. G. Hall, for appellant Dawson.

Charles W. Dayton, for appellant Twelfth Ward Bank.

Robert E. Deyo, for respondents Patten and another.

Theodore Connoly, for respondent city of New York.

HATCH, J. The law of this case, so far as it affects the parties to this appeal, has been practically settled. In Fortunato v. Mayor, etc., 42 App. Div. 14, 58 N. Y. Supp. 683, it was decided by this court that the contract between the city of New York and Dawson had been fulfilled, and the money due under the terms of the contract was being held by the city as stakeholder for the parties in

interest. Under these circumstances an action was brought to foreclose a lien filed against the fund, which the contractor was entitled to receive from the city under the terms of his contract. In such action the only issue under the pleadings related solely to the priority of liens upon the fund. The court held that under such issue the defendant, a contractor, could not thereafter be permitted to file a supplemental answer by setting up the performance of extra work under the contract, and thereby change the situation of the city from a stakeholder to a debtor, and make it the real defendant in the action. As the contractor, Dawson, the present appellant, made such application, and the court denied the same, it must follow that such decision was conclusive upon her right so far as the same affected the authority to recover for extra work done under the contract. Upon the present trial the referee allowed the only amendment to the pleading which was permissible under the decision of this court. That amendment permitted a recovery for work upon a portion of the wall which had not been allowed by the city under the contract, as appeared by the testimony of the city's engineer, and that sum, together with the amount to which she was otherwise entitled, was the amount for which judgment was ordered in her favor. This is all for which the evidence authorized a recovery under the pleadings. Her appeal must therefore fail.

The remaining issue is between the representatives of Thomas G. Patton, deceased, and the Twelfth Ward Bank. The decision in Fortunato v. Patton, 147 N. Y. 277, 41 N. E. 572, is conclusive upon the subject that the assignment to Patton under date of April 13, 1887, was valid and enforceable as such, and this is the necessary result in order that that decision be supported. Both the first and second assignments to Patton were the subject of discussion and construction in determination of the rights, not only between the city and Patton, but between the latter and the Twelfth Ward Bank, and such assignments were held to be valid and enforceable. These assignments furnished security for the same sums of money claimed by the Twelfth Ward Bank, less amount of payments thereon to Patton, and the latter assignment was expressly held by the court of appeals to be a continuing collateral security for the loan, and that it did not in the slightest degree affect the validity of the first assignment. Consequently this determination is res adjudicata of the priority of Patton's assignment. If, however, it were otherwise, it must be held that the evidence in the case is sufficient, and justified the referee in finding that the assignments to Patton covered the amount of the claim as against the bank. The admission made by the bank upon the former trial was that the defendant Patton, if called as a witness, would testify that his assignment under date of June 23, 1890, was given as collateral security for the two notes held by Patton, and also that there was due to him under such assignment, on the date of the admission, $1,500, with interest, which was to be calculated, and that there was due to the defendant Patton on the second assignment $3,500, with interest, and that the notes were given for money loaned. The personal production of Patton so to testify was waived. The force and effect of this ad-

mission operated as a stipulation between the parties thereto, and Patton is to be regarded as having so testified. He having since died, his executors were entitled to read the testimony under the provisions of section 830 of the Code of Civil Procedure. The stipulation, having been regularly made, continues to be binding upon the Twelfth Ward Bank during the continuance of the litigation. Clason v. Baldwin, 152 N. Y. 204, 46 N. E. 322; Converse v. Sickles, 16 App. Div. 49, 44 N. Y. Supp. 1080, affirmed 161 N. Y. 666, 57 N. E. 1107.

If the bank desired to be relieved from such stipulation, it was required to show equitable considerations authorizing the court to grant the relief and make application therefor. No such equitable considerations are now made to appear, and the bank never made any application to be relieved therefrom. Had not the stipulation been made, it must be assumed that Patton would have been called as a witness. The stipulation dispensed with this necessity, and the testimony, therefore, must be regarded upon this appeal as having been given by him. The referee was therefore right in receiving it and acting upon it.

These views lead to the conclusion that the judgment should be affirmed, with costs to the respondents. All concur.