### POPE et al. v. MANHATTAN RY. CO. et al.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

**.1. PARTIES—BRINGING IN NEW PARTY—DISCRETION OF COURT.**

Where, after suit for an injunction and for damages for the operation of a railway in front of plaintiff's premises, it appears that the original plaintiff has parted with the fee in the land without reserving any rights therein, so that all that remains is the question of past damages, it is improper for the court, in the exercise of its discretion, to bring in the grantee as a party plaintiff, for the causes of action of grantor and grantee in such case are totally distinct.

**·2. SAME.**

Under Code Civ. Proc. § 452, as amended by Laws 1901, c. 512, which provides that, where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in, and where a person not a party has an interest in the subject of the action or in real property, the title to which may be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to be made a party, the court must direct him to be brought in, the question whether a party should or should not be brought in is still within the discretion of the court.

**·3. SAME.**

After suit for an injunction and for damages for the operation of an elevated railway in front of plaintiff's premises, plaintiffs conveyed to a third party, the deed expressly reserving "all claims" against the railroads "for injury either to the fee value or rental value," and the grantee covenanting to "consider himself a trustee for the grantors of the easements appurtenant to said premises in so far as they are affected by the operation of said railways," etc. Thereupon the grantee joined in an application to be made a party plaintiff. *Held* not improper for the court, in the exercise of its discretion, to grant the application.

Appeal from special term, New York county.

Action by Sylvester Pope and another, as executors of Josephine L. Peyton, deceased, against the Manhattan Railway Company and the New York Elevated Railroad Company. From an order granting a motion to bring in the grantee of the executors as a party plaintiff, defendants appeal. Affirmed.

The action is the ordinary one in equity for injunction and damages as against the defendants for the operation of their elevated railway in front of plaintiff's premises, and was originally brought by Josephine L. Peyton, and after her death, in 1895, was revived in the name of her executors and trustees. In 1902 the executors sold the premises in suit to John J. Byrne, the deed containing the following declaration of trust: "The vendors expressly reserve all claims against the New York Elevated Railroad Company and the Manhattan Railway Company, or either of them, for damages to the premises Nos. 2183 and 2185 Third avenue, for injury either to the fee value or to the rental value of the said premises by reason of the operation of the elevated railroad in front of the said premises; and the said party of the second part, for himself, his heirs, or assigns, covenants that he or they

---

¶ 1. See Eminent Domain, vol. 18, Cent. Dig. §§ 795, 796.

will execute the conveyances and releases that are necessary to enable the grantors to recover the aforesaid damages from the said companies, or either of them, and that the said grantee will consider himself a trustee for the grantors of the easements appurtenant to said premises, in so far as they are affected by the operation of the said railways, and of any damages that may be paid to him on account of interference therewith, as aforesaid." Thereafter a motion was made by the plaintiffs, based upon the petition of John J. Byrne to be made a party plaintiff, that he be so brought in. This motion was granted, and from the order thereupon entered the defendants appeal.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Arthur O. Townsend, for appellants.

W. G. Peckham, for respondents.

O'BRIEN, J. It has been repeatedly held that the supreme court has full discretionary power to join consecutive owners in one suit, or refuse to do so (Mooney v. Railroad Co., 163 N. Y. 242, 57 N. E. 496), and that the court of appeals will not review the exercise of that power by the supreme court (Koehler v. Railroad Co., 159 N. Y. 218, 53 N. E. 1114). This latter case is also authority for the proposition that, where the present owner is brought in as a plaintiff, the equitable features are preserved, and the suit may thereafter be continued as a suit in equity. Where, however, the present owner is not brought in, and all that remains is the action for past damages, the correct practice is for the original plaintiff to have the case placed on the jury calendar and tried. Cameron v. Railroad Co., 23 Misc. Rep. 590, 52 N. Y. Supp. 1036, and Id., 38 App. Div. 16, 56 N. Y. Supp. 304. As far as stated, therefore, the practice is settled that, where no equitable features remain in favor of the original plaintiff, and he has parted with the fee in the land without reserving any rights therein, then, as all that remains is the question of past damages, there is no need for bringing in the grantee, or having any supplemental pleadings, but the question of past damages can be tried by a jury. Upon such facts, where nothing further appears but that the original plaintiff has parted with the fee, we have held that the court should not exercise its discretion in bringing the owners of successive titles into one equity suit, for the reason that their causes of action are totally distinct, and recovery by one owner is not incidental to recovery by a former or a subsequent owner. Lindenheim v. Railroad Co., 28 App. Div. 170, 50 N. Y. Supp. 886; Stokes v. Railway Co., 47 App. Div. 58, 62 N. Y. Supp. 333; Flammer v. Same, 56 App. Div. 183, 67 N. Y. Supp. 617. Since these cases were decided, section 452 of the Code of Civil Procedure has, by chapter 512 of the Laws of 1901, been amended so that it now reads:

"The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner

be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct them to be brought in by the proper amendment."

It is insisted that by force of the amendment it is mandatory upon the court to bring in a subsequent grantee, upon application made, as a party plaintiff. We do not assent to this construction of the amendment, thinking, as did the learned judge at special term, that, while it broadened the scope and widened the field with respect to the parties that might be brought into a controversy, particularly as respecting real property or title thereto, the question whether or not a party should or should not be brought in is still within the discretion of the court. We shall not attempt to reconcile all the decisions upon this perplexing subject of practice, because the question of the exercise of discretion by the court must necessarily depend upon the facts of each particular case; and we have decided to adhere to the rule that in cases where there is a mere grant of the property, so that the interests of the original plaintiff and the new owner or grantee are severable and distinct, then, in the exercise of a sound discretion, the motion to bring in such grantee should be denied. Where, however, there is a reservation in the deed, and the question is presented as to the rights which the original plaintiff may have reserved to himself in the land, and where, for its complete determination, the presence of the grantee is proper, and the latter joins in the application to be made a party, we think the special term may then, in the exercise of its discretion, make the order bringing in the grantee as a party plaintiff. The distinction between a grant with and a grant without a reservation is, we think, obvious, because in the latter case the original owner, having parted with his entire interest and title to the premises, including the easements, has parted with all right to continue his action as one in equity; and, as the right to past damages, which alone remains to him, is one in which the grantee has no interest, there is no reason why, in an action to recover them, the latter should be brought in. When, however, there is an express reservation in favor of the grantor of all rights, including the easements, then there remains in the action the question whether the grantee under such circumstances has any interest in such reserved rights, or any interest other than that of a naked trustee of the title for the benefit of the grantor. In the determination of this question the grantee has an interest, because it "affects" his property, and, if he be brought in, there can be a complete determination of the rights of all the parties. Moreover, as against a grantor who has parted with his title, reserving the easements, etc., the defendant has not the constitutional right to insist on a trial by jury, because, if it should be determined that the effect of the reservation is to leave in the grantor the right in and to the easements, then the equitable features are still preserved in the action, and it can be continued as one in equity without offending that provision in the constitution relating to right of trial by jury.

We think the order appealed from should accordingly be affirmed, with $10 costs and disbursements. All concur.