SYLVESTER POPE and WILLIAM L. CONDIT, as Executors, etc., of
JOSEPHINE L. PEYTON, Deceased, Respondents, *v.* THE MANHAT-
TAN RAILWAY COMPANY and THE NEW YORK ELEVATED RAIL-
ROAD COMPANY, Appellants.

*Eminent domain — action for an injunction and damages against an elevated rail-
road — effect of a conveyance by the plaintiff — the right to bring in the grantee as
a party plaintiff depends on whether the claims against the railroad are reserved to
the grantor — constitutional right of the elevated railroad to a trial by jury.*

Where the plaintiff, in an action in equity brought to restrain the operation of
the defendant's elevated railroad in front of premises owned by him and to
recover past damages resulting from such operation, conveys the premises
during the pendency of the action, section 452 of the Code of Civil Pro-
cedure, as amended by chapter 512 of the Laws of 1901, does not make it
mandatory upon the court to grant the plaintiff's application to have the
grantee made a party to the action, but the disposition of such a motion still
rests within the discretion of the court.

The court should, in the proper exercise of such discretion, deny the motion, if
it appears that the conveyance to the grantee contained no reservation. It
may grant the motion (in which the grantee joins) when it appears that the
conveyance reserved to the plaintiff all claims against the elevated railroad
company for damages to the fee and rental values of the premises and that the
grantee covenanted therein to do all things necessary to enable the grantor to
recover such damages from the elevated railroad company and to consider him-
self a trustee for the grantor of the easements appurtenant to the premises in so
far as they were affected by the operation of the elevated railroad and of any
damages that might be paid to him on account of interference therewith.

In such a case the defendant has not the constitutional right to insist upon a
trial by jury, because, if it should be determined that the effect of the reser-
vation in the conveyance is to leave in the original plaintiff the right in and to
the easements affected by the operation of the railroad, then the equitable
features are still preserved in the action and it can be continued as one in
equity without offending against that provision of the Constitution relating to
the right of trial by jury.

APPEAL by the defendants, The Manhattan Railway Company
and another, from an order of the Supreme Court, made at the
New York Special Term and entered in the office of the clerk of
the county of New York on the 10th day of November, 1902,
granting a motion to bring in an additional party plaintiff.

The action is the ordinary one in equity for injunction and dam-

ages as against the defendants for the operation of their elevated railway in front of plaintiff's premises, and was originally brought by Josephine L. Peyton, and after her death in 1895 was revived in the name of her executors and trustees. In 1902 the executors sold the premises in suit to John J. Byrne, the deed containing the following declaration of trust : " The vendors expressly reserve all claims against the New York Elevated Railroad Company and the Manhattan Railway Company, or either of them, for damages to the premises Nos. 2183 and 2185 Third Avenue, for injury either to the fee value or to the rental value of the said premises by reason of the operation of the elevated railroad in front of the said premises; and the said party of the second part for himself, his heirs or assigns, covenants that he or they will execute the conveyances and releases that are necessary to enable the grantors to recover the aforesaid damages from the said companies, or either of them, and that the said grantee will consider himself a trustee for the grantors of the easements appurtenant to said premises, in so far as they are affected by the operation of the said railways, and of any damages that may be paid to him on account of interference therewith, as aforesaid."

Thereafter a motion was made by the plaintiffs, based upon the petition of John J. Byrne to be made a party plaintiff, that he be so brought in. This motion was granted; and from the order thereupon entered the defendants appeal.

*Arthur O. Townsend,* for the appellants.

*W. G. Peckham,* for the respondents.

O'BRIEN, J.:

It has been repeatedly held that the Supreme Court has full discretionary power to join consecutive owners in one suit or refuse to do so (*Mooney* v. *N. Y. El. R. R. Co.,* 163 N. Y. 242), and that the Court of Appeals will not review the exercise of that power by the Supreme Court. (*Koehler* v. *N. Y. El. R. R. Co.,* 159 N. Y. 218.) This latter case is also authority for the proposition that where the present owner is brought in as a plaintiff, the equitable features are preserved, and the suit may thereafter be continued as a suit in equity. Where, however, the present owner is not brought in, and

all that remains is the action for past damages, the correct practice is for the original plaintiff to have the case placed on the jury calendar and tried. (*Cameron* v. *N. Y. El. R. R. Co.*, 23 Misc. Rep. 590; 38 App. Div. 16.)

As far as stated, therefore, the practice is settled that where no equitable features remain in favor of the original plaintiff, and he has parted with the fee in the land without reserving any rights therein, then, as all that remains is the question of past damages there is no need for bringing in the grantee or having any supplemental pleadings, but the question of past damages can be tried by a jury. Upon such facts, where nothing further appears but that the original plaintiff has parted with the fee, we have held that the court should not exercise its discretion in bringing the owners of successive titles into one equity suit, for the reason that their causes of action are totally distinct, and recovery by one owner is not incidental to recovery by a former or a subsequent owner. (*Lindenheim* v. *N. Y. El. R. R. Co.*, 28 App. Div. 170; *Stokes* v. *Man. Ry. Co.*, 47 id. 58; *Flammer* v. *Man. Ry. Co.*, 56 id. 183.)

Since these cases were decided, section 452 of the Code of Civil Procedure has, by chapter 512 of the Laws of 1901, been amended so that it now reads: " The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person not a party to the action has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

It is insisted that by force of the amendment it is mandatory upon the court to bring in a subsequent grantee, upon application made, as a party plaintiff. We do not assent to this construction of the amendment, thinking, as did the learned judge at Special Term, that while it broadened the scope and widened the field with respect to the parties that might be brought into a controversy, particularly as respecting real property or title thereto, the question whether or

not a party should or should not be brought in, is still within the discretion of the court.

We shall not attempt to reconcile all the decisions upon this perplexing subject of practice, because the question of the exercise of discretion by the court must necessarily depend upon the facts of each particular case; and we have decided to adhere to the rule that in cases where there is a mere grant of the property, so that the interests of the original plaintiff and the new owner or grantee are several and distinct, then, in the exercise of a sound discretion, the motion to bring in such grantee should be denied. Where, however, there is a reservation in the deed, and the question is presented as to the rights which the original plaintiff may have reserved to himself in the land, and where for its complete determination the presence of the grantee is proper, and the latter joins in the application to be made a party, we think the Special Term may then, in the exercise of its discretion, make the order bringing in the grantee as a party plaintiff. The distinction between a grant with and a grant without a reservation is, we think, obvious, because in the latter case the original owner, having parted with his entire interest and title to the premises, including the easements, has parted with all right to continue his action as one in equity, and as the right to past damages, which alone remains to him, is one in which the grantee has no interest, there is no reason why in an action to recover them the latter should be brought in. When, however, there is an express reservation in favor of the grantor of all rights, including the easements, then there remains in the action the question whether the grantee under such circumstances has any interest in such reserved rights, or any interest other than that of a naked trustee of the title for the benefit of the grantor. In the determination of this question the grantee has an interest, because it "affects" his property, and if he be brought in, there can be a complete determination of the rights of all the parties.

Moreover, as against a grantor who has parted with his title, reserving the easements, etc., the defendant has not the constitutional right to insist on a trial by jury, because if it should be determined that the effect of the reservation is to leave in the grantor the right in and to the easements, then the equitable features are still preserved in the action, and it can be continued as one in equity

without offending that provision in the Constitution relating to right of trial by jury (Art. 1, § 2).

We think the order appealed from should accordingly be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.