(108 App. Div. 286.)

## WELDE v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

PARTIES—BRINGING IN NEW PARTIES—GROUNDS.

Where, after the owner of property had begun an action for an injunction and damages for impairing the easements of light, air, and access appurtenant thereto, he sold a part of the property, making no reservation of anything connected therewith, except a claim for past damages, a motion to bring in such grantee as additional party plaintiff to the action was properly denied; their interests being distinct.

Appeal from Special Term, New York County.

Action by Charles Welde against the New York & Harlem Railroad Company and another. From an order denying plaintiff's motion to bring in an additional party, he appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Vincent P. Donihee, for appellant.
Alexander S. Lyman, for respondents.

PATTERSON, J. The plaintiff was the owner of two double apartment houses, situate at the northwest corner of 124th street and Park avenue, in the borough of Manhattan, in the city of New York. He began his action against the defendants for an injunction and damages for impairing the easements of light, air, and access appurtenant to the property. The cause was tried, and judgment rendered for the plaintiff, which was reversed by this court, and a new trial ordered. A second trial was had, and a judgment was again rendered in favor of the plaintiff, which was affirmed by this court, but reversed by the Court of Appeals. It now appears that after the second trial, and while the attorney for the plaintiff was preparing for the third trial, he discovered that the plaintiff had conveyed one of the apartment houses, being part of the premises described in the complaint, to one William H. Schaefer. It would seem that the conveyance was made without any reservation of right in Mr. Welde, except for past damages, and that Mr. Schaefer has acquired the right to recover all other damages to the fee of the premises and all rental damages after the conveyance, and that the plaintiff has retained only a cause of action for rental damage up to the time of the conveyance. The plaintiff has moved to bring in Mr. Schaefer as a party plaintiff. That motion was denied by the court below, and from the order entered upon such denial this appeal is taken.

The granting of an order of the character applied for is in the sound discretion of the court. That discretion has been frequently exercised in favor of such an application, but the rule has been announced by this court, and has been adhered to, that:

"In cases where there is a mere grant of the property, so that the interest of the original plaintiff and the new owner or grantee are several and distinct, then, in the exercise of a sound discretion, the motion to bring in such grantee should be denied." Pope v. Manhattan R., 79 App. Div. 583, 80 N. Y. Supp. 316.

In the case before us there is no reservation of anything in favor of Mr. Welde connected with the property transferred to Mr. Schaefer, except a claim for past damages, which was exactly the situation in the Pope Case.

The order should be affirmed, with $10 costs and disbursements. All concur.