# New York Supplement

## VOLUME 104,

AND

## New York State Reporter,

## VOLUME 138.

---

### DONOVAN v. TWIST et al.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

1. STIPULATIONS—EFFECT.

A general stipulation as to facts, made in a trial, extends throughout the litigation, unless the court, on special application based on equitable grounds, grants relief therefrom.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Stipulations, § 41.]

2. SAME—RIGHT TO RELIEF.

Where plaintiff, at defendant's request and solely for his benefit, conceded that a certain person was dead, and at a retrial it appeared that the fact stipulated was erroneous, or at least very doubtful, though both parties had assumed its correctness, plaintiff was entitled to relief from the stipulation; defendant not claiming in his opposing affidavit that such person was dead, and not having been misled nor placed in any more unfavorable position because of the stipulation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Stipulations, § 70.]

Appeal from Tompkins County Court.

Action by John Donovan against Salem Twist, impleaded with others. From an order relieving plaintiff from an oral stipulation made during a former trial, defendant appeals. Affirmed.

See 93 N. Y. Supp. 990.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

James L. Baker, for appellant.
Myron N. Tompkins, for respondent.

104 N.Y.S.—1

COCHRANE, J. At a trial of this action in September, 1902, after plaintiff had rested, he, at the request of defendant, and, as he says, desiring to shorten the trial and relieve the defendant from calling witnesses, made the following concession:

"It is conceded that the mortgagor, William W. Smith, died intestate about 16 years ago, leaving a wife, Ann Smith, and one daughter, Caroline Smith Essex, the defendant Twist's grantor, as his only child and only heir at law, and that the mortgagor's wife, Ann Smith, died about 2 years ago."

Plaintiff recovered a judgment, which was reversed. Another trial was had in October, 1903, when defendant sought to introduce in evidence the above stipulation. Plaintiff objected. The trial was suspended for the purpose of permitting plaintiff to make a motion to be relieved from such stipulation. Such motion was made, and resulted in an order relieving him therefrom, from which order the present appeal was taken.

The record now before us does not disclose the nature of the litigation, further than that in some way it concerns a mortgage; nor does it disclose why it is essential to prove the death of William W. Smith, or the importance of the admission from which the plaintiff seeks relief. Knowledge of such facts, however, is probably unnecessary for the determination of this appeal. The rule undoubtedly is that a general stipulation, made in the progress of a litigation, extends throughout the litigation, unless the court, on special application based on equitable grounds, grants relief therefrom. Fortunato v. The Mayor, etc., 74 App. Div. 441, 77 N. Y. Supp. 575; Clason v. Baldwin, 152 N. Y. 204, 211, 46 N. E. 322; Owen v. Cawley, 36 N. Y. 600, 606.

The stipulation in question was made at defendant's request and solely for his accommodation. It in no way benefited the plaintiff. It was gratuitous, and gave to the defendant the benefit of a fact on the first trial which he probably could not have proved. It now fairly appears that the fact stipulated as to the death of Smith is erroneous, or at least very doubtful; and defendant in his opposing affidavit does not claim, or even intimate, that Smith is dead. At the first trial his death seems to have been assumed by both parties, but subsequent investigation fails to verify such assumption. I can conceive of no greater equity which should move the court to relieve a party from a stipulation than that the stipulation does not speak the truth. If the defendant had been misled by this stipulation, or were placed in any more unfavorable position because thereof, he probably should not lose its benefit. But such is not the case. For his own accommodation he procured the plaintiff to make this stipulation, whereby the latter was in no respect benefited, and which now turns out to state a fact which cannot be established, and of very doubtful accuracy, to the prejudice of plaintiff. I see no reason why the defendant, under such circumstances, should have the benefit of a fact which may not exist.

The order should be affirmed, with $10 costs and disbursements. All concur.